NELSON BAIRD, Plaintiff and Appellant, v. JOHN H. CHOKATOS, a single man, and Themis Clessuras, a married woman, and Sophia Lambros, a married woman, and James E. Schaff, d/b/a Ace Plumbing, and Russell S. Leslie and 4 B's Restaurants, Inc., a Montana Corporation, Defendants and Respondents.

No. 11670.
Submitted June 22, 1970.
Decided Aug. 17, 1970.
473 P.2d 547.

Hugh G. Kidder, Gille V. Wooten argued, Missoula, for appellant.

Herron & Reber, Clayton R. Herron argued, Helena, Garling-ton, Lohn & Robinson, Sherman V. Lohn argued, Boone, Karl-berg & Haddon, Karl R. Karlberg argued, Worden, Thane & Robb, Norman C. Robb argued, Missoula, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

From a summary judgment for the defendants entered in the district court of the fourth judicial district, Missoula County, plaintiff appeals.

On April 18, 1967, Nelson Baird (hereinafter referred to as appellant) was injured by a cave-in of a ditch being excavated by Ace Equipment Company for construction of a restaurant building located on the southeast corner of the intersection of East Broadway and Washington streets in Missoula, Montana. Appellant was employed by Ace Equipment Company and insured under the Montana Workmen's Compensation Act. Appellant accepted $2,100 in compensation payments for his injuries and later settled his claim for an additional $10,000 lump sum payment. Appellant then commenced a third party tort action against John H. Chotakos, Themis Clessuras, and Sophia Lambros, owners of land on which the restaurant was to be built; 4-Bs Restaurants, Inc., lessees and investors in the restaurant; Russell S. Leslie, contractor for carpenter work and over-all coordinator; and James E. Schaff, subcontractor for plumbing installation; all respondents herein.

Landowners Chokatos, Clessuras, and Lambros had an agreement with 4-B's to purchase certain land and contribute $85,000 toward construction cost of a restaurant to be built on the land. 4-B's designed the restaurant, paid the cost of construction over $85,000, and agreed to lease the restaurant from the landowners after construction was completed. 4-B's also hired Leslie to construct the restaurant, obtain subcontractors as needed, and coordinate phases of construction. Leslie engaged Schaff as a contractor to install plumbing for the project and Ace Equip-

34

ment Company to dig a trench for sewer lines, potable water lines, and sprinkler lines from water and sewer mains in the street to the new building.

The undisputed evidence disclosed that Leslie described final objectives desired of all subcontractors, but neither Leslie nor any of the other parties made suggestions or exercised any control over means and methods to be used by subcontractors in completing their respective objectives.

The question on appeal is whether or not appellant as an employee of Ace Equipment Company can hold landowners, contractee, contractor, and subcontractor liable under Montana law for personal injuries received on the job when exclusive control of means and methods of digging the ditch resided in Ace Equipment Company. Section 92-204, R.C.M.1947, allows such an action when an injury is caused by "the act or omission" of a third party.

To answer this question appellant's status and his relationship to other parties in the suit must be determined.

Based on the undisputed evidence referred to above, this Court finds Ace Equipment Company to be an independent contractor under a Montana case which thoroughly investigated qualities of an independent contractor. In Allen v. Bear Creek Coal Co., 43 Mont. 269, 285, 115 P. 673, 679, this Court said:

"The relation of the parties under a contract of employment is determined by an answer to the question: Does the employee in doing the work submit himself to the direction of the employer, both as to the details of it and the means by which it is accomplished? If he does, he is a servant, and not an independent contractor. If, on the other hand, the employee has contracted to do a piece of work, furnishing his own means and executing it according to his own ideas, in pursuance of a plan previously given him by the employer, without being subject to the orders of the latter as to detail, he is an independent contractor."

Section 92-438, R.C.M.1947, provides:

" 'An independent contractor' is one who renders service in the course of an occupation, representing the will of his employer only as to the result of his work, and not as to the means by which it is accomplished."

Ace Equipment Company did not receive any orders from any of the parties to this suit except Leslie's description of final objectives desired and directions for coordinating phases of construction. Complete freedom existed as to means and methods used to achieve these objectives. Therefore, appellant's status was that of an employee of an independent contractor.

The recent decision in the case of Wells v. Thill, 153 Mont. 28, 452 P.2d 1015, pointedly disposes of the alleged liability of three parties in this action.

In *Wells* there is granitic precedent cited dismissing the liability of a landowner for injuries suffered by an employee of an independent contractor unless the landowner retains control over the work area. Since there is no evidence of the landowners retaining control in the present case, Chokatos, Clessuras, and Lambors are not liable.

4-B's is in the position of a contractee and their obligation to appellant is delineated in *Wells* as follows:

" * * * the servant of an independent contractor or of a subcontractor is not a servant of the contractee, ordinarily the contractee is not liable for injuries to such servant caused by the acts or negligence of the contractor, or subcontractor, or coemployee of the injured servant"

Here, no reason for an exception exists; therefore, the 4-B's is not liable for appellant's injuries.

Describing the status of a coordinator in the position of Leslie, *Wells* refers to an engineer hired by the city of Belt to design and supervise construction of a sewer project:

"On the other hand, the duty of the engineer, which duty ran to the city, was to see that a certain end result was eventually accomplished, namely that the project as finally constructed

and turned over to the city met the plans and specifications it prepared for the city. The engineer's real interest was not in the actual construction but in a completed project in accordance with the plans and specifications.

"There was no duty on the part of the engineer to see that standards set up by the Montana Industrial Accident Board were met. That duty lay with the contractor and with the Industrial Accident Board."

Just as there is no liability attached to the supervisory engineer for injuries of an employee of an independent contractor in *Wells*, no liability can attach to Leslie whose only obligation was to have the project completed by hiring and coordinating subcontractors for that purpose.

Since Schaff was hired under the same circumstances as Ace Equipment Company, Schaff fell under the qualifications of an independent contractor hired to install plumbing, but he did not have any control over digging the ditch. This Court said in Ulmen v. Schwieger, 92 Mont. 331, 355, 356, 12 P.2d 856, 863:

"Either an independent contractor or a servant is liable to a third person injured by reason of the negligent handling of property when he owes such a duty to such third person, but he owes a duty to protect third persons only when he has such control over the property as the master or contractor would otherwise have."

Once again, appellant's contentions fail; for, clearly Schaff had no duty toward appellant for injuries received while working in a ditch totally under the direction and control of Ace Equipment Comany.

In each issue, the single element needed to attach liability to third parties is their immediate control and responsibility for means, methods, and details of constructing the project at hand, i. e., digging the ditch. Respondents did not exercise any direction over construction of the ditch and were not so obligated, therefore they cannot be held accountable for appellant's injuries.

Judgment affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, HASWELL and DALY concur