No. 83-363

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

EDWARD MASSEY and LUCILLE MASSEY,
his wife,

                    Plaintiffs and Appellants,

    -vs-

RAY SELENSKY,

                    Defendant and Respondent.

---

APPEAL FROM:   District Court of the Third Judicial District,
               In and for the County of Deer Lodge,
               The Honorable Robert J. Boyd, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

            Knight, Dahood, McLean & Everett; Bernard Everett
            argued, Anaconda, Montana

    For Respondents:

            Poore, Roth & Robinson; Donald C. Robinson argued,
            Butte, Montana

---

                    Submitted:   June 5, 1984

                    Decided:   August 17, 1984

Filed:   AUG 17 1984

*Ethel M. Harrison*
_____
                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This case arises out of an accident in which appellant Edward Massey was injured after being struck by respondent Roy Selensky's pickup. Since Massey's injuries were covered under the provisions of the Montana Workers' Compensation Act, the District Court granted Selensky's motion for summary judgment and dismissed the cause of action. Massey appeals from this ruling.

At the time of the accident which gave rise to this action, both Massey and Selensky were employees of the Anaconda Company and worked at the smelter in the City of Anaconda. As they were neighbors, Massey and Selensky made a practice of riding to work together in Selensky's pickup. This practice had begun long before the accident occurred. Typically, the two would leave home at approximately 6:40 a.m. and arrive at the smelter at approximately 6:50 to "punch in" on the company time clock. Their shifts did not begin until 7:30 a.m.

When they arrived at the smelter, Selensky would park his pickup on a hill where the building which housed the time clock was located. This building is located well inside the boundaries of the Anaconda Company property. The two would then leave the pickup to punch in. After doing so, Massey would walk to the "machine shop" where he changed clothes and visited with co-workers until his shift began.

On January 8, 1980, the parties' day began in the above described manner; the men drove to work, parked the pickup and entered the building which housed the time clock. Massey punched in, exited the building and began walking to

the machine shop. While he was en route, the pickup either slid or rolled down the hill and struck Massey causing the injuries complained of. The pickup was unoccupied at the time, and as yet what caused the pickup to move remains unknown.

On February 7, 1980, Massey filed a claim with the Workers' Compensation Division, seeking compensation for the injuries. An investigation was conducted by Harry McKernan, who is the personnel representative in charge of benefits for Anaconda Minerals Company. McKernan found the facts as set forth above, and initiated the claim on behalf of Massey. The Division recognized and allowed the claim. Massey has been receiving disability benefits since the date of the accident, and his related medical bills and expenses have all been paid.

This action was commenced on December 15, 1980, by Massey and his wife Lucille seeking damages from Selensky. The complaint alleged negligence on the part of Selensky which caused his injuries. After a period of discovery, Selensky moved for summary judgment, alleging that since the injury was compensable under the Workers' Compensation Act, Selensky was immune from suit. The issue was briefed and oral arguments were heard. The motion was granted and judgment for Selensky was entered. From this ruling Massey appeals.

In reviewing an appeal from summary judgment, the function of the Supreme Court is to determine whether the moving party is entitled to judgment in light of the law applicable to the facts of the case. Jordon v. Elizabethan Manor (1979), 181 Mont. 424, 593 P.2d 1049. As this case

was essentially submitted on agreed facts, on appeal we are only concerned with questions of law. State v. North American Car Corporation (1945), 118 Mont. 183, 164 P.2d 161. A corollary of these rules is that we first must decide what the applicable law is.

It is well settled in Montana that a co-employee is immune from liability for negligent acts resulting in injuries which are compensable under the Workers' Compensation Act. Madison v. Pierce (1970), 156 Mont. 209, 478 P.2d 860. The basis of this rule is section 39-71-412, MCA, which allows an injured worker to bring an action against one "other than his employer or the servants or employees of his employer" which such person's acts may have caused a compensable injury. However, the simple fact that two persons have the same employer would not necessarily cause this rule to apply. We must therefore determine when a co-worker is an "employee" as that term is used in section 39-71-412, MCA, for purposes of applying the co-employee immunity rule.

We note that this is a question of first impression in Montana. Though we have applied the co-employee immunity rule on several occasions, under the prevailing facts of those cases the rule obviously applied as the workers were on shift and doing their employer's business. See Madison v. Pierce, supra, and Baird v. Chokatos (1970), 156 Mont. 32, 473 P.2d 547. Under the facts of the present case it is not clear that the rule applies. Neither man had begun work yet, though they were in the midst of preparing for work. Obviously there must be some connection between the acts of the employee and his work for the immunity to apply. There

-4-

must be a test which can be applied by trial courts to determine whether an employee's actions were so work related so as to make him immune from suit under section 39-71-412.

We hold that the proper test is whether the co-worker was acting within the course and scope of his employment at the time the negligent acts occurred. If the allegedly negligent co-worker was acting within the course and scope of his employment at the time he engaged in the purported negligent acts, then he is an "employee of his employer," and immune from suit by the injured claimant. There is a wealth of case law in Montana to aid trial courts in their application of this test as it is the same used to determine whether a claimant's injuries are work related. See section 39-71-407, MCA.

We note that the often quoted rule of liberal construction in favor of claimants is inapplicable here. The Workers' Compensation Act should not be liberally construed to extinguish the right to maintain a third party cause of action, nor should it be liberally construed to allow a third party cause of action if it has been expressly abolished. The statutory provision of the Act and this Court's interpretations of the same have been slanted away from insurers in favor of the injured claimant. This inequity has no place in determining the apportionment of liability between fellow workers.

However, courts should bear in mind the theory of Workers' Compensation. It is recognized that injuries will occur in the workplace, and will be the fault of both employers and fellow workers. In return for immediate and assured compensation for work or employment related

injuries, the injured claimant gives up his right to maintain an action against the employee or fellow worker. See Vol. 2A, Larson's Workmen's Compensation Law, section 72.22.

The test adopted by this opinion should be administered with the above in mind. An injured claimant has given up his right to maintain an action against a fellow worker for work or employment related injuries, if the fellow worker was acting within the course and scope of his employment. As noted above, this test has been tacitly applied by trial courts many times where they have found co-employees immune from suit. See, Madison v. Pierce, supra, and Baird v. Chokatos, supra. However, the facts of this case are much closer than any prior case and the trial court must expressly address the issue of whether the fellow worker was a co-employee for purposes of the immunity statute. It is not our intent to create any exception to the co-employee immunity statute, but simply to express the test which has been and should be used to answer this question.

We note that the trial court dismissed the action based on a finding that Selensky was within the scope and course of his employment at the time of injury. The case must therefore be returned to adjudge whether he was acting within the course and scope of his employment at the time of the alleged negligence.

Reversed and remanded for further proceedings consistent with this opinon.

John Conway Harrison
Justice

-6-

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Mr. Chief Justice Frank I. Haswell, dissenting:

I respectfully dissent. I would affirm the District Court's summary judgment dismissing the Masseys' action against Selensky on the ground that it is barred by the Montana Workers' Compensation Act.

Massey has been accorded full benefits under the Workers' Compensation Act. He now seeks damages from his co-employee, Selensky. In declining to affirm the dismissal of the damage action by the District Court, the majority have ignored the fundamental purpose and structure of Montana's Workers' Compensation Act.

We have previously expressed that purpose and structure in this language:

> "The foregoing purposes and structure of the Montana Workmen's Compensation Act demonstrate its foundation of enterprise liability for injury to its employees, paid directly by the employer in the first instance and ultimately passed on to the public in the price of its product. To permit an injured employee to collect compensation for injury from his employer under the Act and additionally sue a negligent coemployee of the same enterprise for the same injury, with the employer recouping his compensation payments, destroys the purposes and structure of the entire Act. We do not believe the legislature intended such result.

> "If section 92-204 were construed to withhold immunity to a coemployee from a negligence action, the cost of injury to an employee of the business would be shifted from the employer, where the Act places it, to a fellow employee, where the Act does not place it. It also would defeat the ultimate payment of injury cost by the public purchasing the product. This result would follow if section 92-204 were interpreted as urged by plaintiff because of the suit rights, subrogation rights, and lien rights granted the employer by this section. We cannot believe the legislature intended to permit the ultimate costs of employee injury to be borne by fellow employees, whether negligent or not. It would be a sad spectacle, indeed, for a workman to find his home taken and his future earnings subjected to payment of a judgment in such a suit; nor did the legislature intend to permit any such action.

"The purposes and provisions of the Act can be fully effectuated by permitting negligence actions, in addition to compensation, only against strangers to the business enterprise. There is no reason why negligent strangers to the business should not pay the cost of injury to employees of the enterprise. The suit rights, subrogation rights, and lien rights granted to the employer under the Act, together with the compensation rights and suit rights granted the employee, permit ultimate collection of injury costs from a negligent stranger to the business enterprise. The Act does not cover strangers, only employees. There is no substitution of rights under the Act for common law remedies as between strangers on the one hand and employers and employees of the business on the other." Madison v. Pierce (1970), 156 Mont. 209, 215-216, 478 P.2d 860, 864.

Although the Act has been amended twice since Madison, the amendments are irrelevant to the foregoing principles and analysis. Ch. 550, Laws of Montana (1977); Ch. 397, Laws of Montana (1979). Additionally, section 92-204, R.C.M. 1947, has been recodified as sections 39-71-411 through 39-71-414, MCA.

The District Court found that Selensky was acting in the course and scope of his employment at the time of Massey's injury. This makes him a co-employee immune from a damage action by Massey by statute (sections 39-71-411 and 39-71-412, MCA) and case law (Madison v. Pierce, supra). No hair splitting and remand should render a co-employee liable in a damage action.

_____
                 Chief Justice

Mr. Justice Fred J. Weber:

I concur in the foregoing dissent of Mr. Chief Justice Haswell.

_____
                 Justice

9