No. 91-472

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

MICHAEL R. BROWN,

      Plaintiff and Appellant,

  -vs-

WES EHLERT,

      Defendant and Respondent.

FILED

NOV 12 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Torger S. Oaas, Attorney at Law, Lewistown, Montana

      For Respondent:

          Robert L. Johnson, Attorney at Law, Lewistown,
Montana

Submitted on Briefs:  February 6, 1992

Decided:  November 12, 1992

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

This is an appeal from an Order of the Tenth Judicial District Court, Fergus County, granting respondent's motion for a new trial. We reverse.

The issue before us is whether the District Court abused its discretion in granting a new trial. Resolution of the issue necessitates a determination of whether workers' compensation exclusivity and co-employee immunity are affirmative defenses or matters of subject matter jurisdiction.

Appellant Michael Brown (Brown) brought a negligence claim against respondent Wes Ehlert (Ehlert) seeking compensation for personal injury and property damage sustained in a two car automobile collision. The point of impact in the February 1989 accident was near the center of a narrow mountain road approximately one mile from the Blue Range Mining Company mine where both Brown and Ehlert were employed.

Brown filed a complaint against Ehlert seeking damages for Ehlert's negligence. Ehlert generally denied the allegations of negligence and raised the affirmative defense of comparative negligence. He raised no other affirmative defenses either in his pleadings, at the pretrial conference, or in the pretrial order; he counterclaimed for property damage.

On June 18, 1991, following Brown's case-in-chief, Ehlert moved to strike Brown's personal injury claim based on the exclusivity of the Montana Workers' Compensation Act (the Act). He

2

asserted that Brown's own evidence established that both he and Brown were within the course and scope of their employment at the time of the collision, that the Act constituted the exclusive remedy for Brown's personal injury claim and, consequently, that the District Court was without subject matter jurisdiction over that claim. He argued that it was Brown's obligation to state his personal injury claim in such a manner as to bring it within one of the exceptions to the exclusive provisions of the Act; according to Ehlert, Brown's failure to do so excused any duty on his own part to plead the Act as an affirmative defense. Brown responded that applicability of the Act is an affirmative defense which is waived if not raised timely. The court did not rule immediately, but subsequently denied Ehlert's motion.

The jury returned a verdict in Brown's favor on June 19, 1991. Ehlert moved for judgment notwithstanding the verdict, asserting a variety of arguments relating to the exclusivity of the Act and plaintiff's burden to plead himself into the court's jurisdiction by alleging facts removing his personal injury claim from application of the Act. Brown again responded that exclusivity and co-employee immunity under the Act do not relate to subject matter jurisdiction, but are affirmative defenses similar to other avoidance defenses such as comparative negligence and statutes of limitation which must be pleaded affirmatively. The District Court denied Ehlert's motion and entered judgment for Brown.

Ehlert subsequently moved for a new trial on a number of alternative bases, including the court's error of law in rejecting

3

his subject matter jurisdiction argument. On September 9, 1991, the court granted Ehlert's motion for a new trial, citing Massey v. Selensky (1984), 212 Mont. 68, 685 P.2d 938 (Massey I), and Massey v. Selensky (1987), 225 Mont. 101, 731 P.2d 906 (Massey II). This appeal followed.

We will not reverse a district court's grant or denial of a new trial absent a manifest abuse of discretion. Tappan v. Higgins (1989), 240 Mont. 158, 783 P.2d 396. We note at the outset that the court's order does not comply fully with Rule 59(f), M.R.Civ.P. We need not remand for entry of findings sufficient for our review in this case, however, because it is apparent from the parties' arguments to the District Court and from the court's citation to the Massey cases that the order granting a new trial could have been based only on the court's acceptance of Ehlert's subject matter jurisdiction argument. Thus, we must determine whether workers' compensation exclusivity and co-employee immunity under the Act are matters which go to the district court's subject matter jurisdiction or, alternatively, whether they are affirmative defenses which are waived if not raised timely.

Given the District Court's reliance, a brief review of the Massey cases is appropriate before we turn to the resolution of the specific issue before us. We begin by noting that, while applicability of the Act to a negligence claim against a co-worker was involved in both Massey cases, neither case addressed the issue presently before us.

The Massey cases arose from an accident in which plaintiff

4

Massey was injured after being struck by defendant Selensky's unoccupied truck. Both parties were employees of the Anaconda Company at the time and had ridden to work together in Selensky's truck. The injury occurred after their arrival at Anaconda's property but before their shift began. Massey filed for, and received, workers' compensation benefits as a result of his injuries. Massey then sued Selensky, alleging negligence. In Massey I, Selensky moved for summary judgment after a period of discovery, alleging that he was immune from suit because the injury was compensable under the Workers' Compensation Act. Summary judgment was entered in Selensky's favor on the grounds that Selensky was within the course and scope of his employment at the time of the injury.

On appeal, we noted that it is "well settled in Montana that a co-employee is immune from liability for negligent acts resulting in injuries which are compensable under the Workers' Compensation Act." Massey I, 685 P.2d at 940. We went on, however, to state specifically that "the simple fact that two persons have the same employer would not necessarily cause this rule to apply." Id. In reversing the summary judgment and remanding for further proceedings, we set forth the proper test to be used by the district courts in determining whether the co-worker was acting within the course and scope of employment at the time the negligent act occurred, noting that, if so, the co-worker is immune from suit. Massey I did not address the issue of when and how co-employee immunity must be raised.

5

Massey II was the appeal after remand of Massey I. On remand, the district court entered partial summary judgment for plaintiff Massey on the issue of co-employee immunity, applying the "going and coming" rule. On appeal, we noted that "[c]o-employee immunity is essential to the integrity of the Act," and again reversed, determining that the premises rule, rather than the going and coming rule, was appropriate to the facts of the case. Massey II, 731 P.2d at 907. We found that Selensky was protected by co-employee immunity from common law liability. Again, however, the issue of when and how co-employee immunity under the Act must be raised was not before us in Massey II.

Ehlert is correct in asserting that if exclusivity and co-employee immunity under the Act are questions of subject matter jurisdiction, they can be raised at any time under Rule 12(h), M.R.Civ.P. Ehlert asserts that § 39-71-2905, MCA, grants exclusive authority to make workers' compensation determinations to the Workers' Compensation Court and that § 27-1-703, MCA, makes it clear that a district court cannot consider negligence on the part of an injured worker's co-employee to the extent the co-employee has tort immunity under the Act. Ehlert argues that these correct statements of law establish the District Court's lack of subject matter jurisdiction over Brown's personal injury claim. We disagree.

Section 39-71-2905, MCA, is not applicable here. No dispute under Chapter 71 of Title 39 is presented here and the District Court has not been requested to make a workers' compensation

6

determination. Further, § 27-1-703, MCA, provides that to the extent a co-employee has immunity from liability under the Act, a trier of fact cannot consider or determine negligence by the co-employee. The wording of the statute itself suggests that the existence of such immunity must be determined by the District Court. Indeed, we specifically stated in Massey I what the legislature implied in § 27-1-703(4), MCA:

> [T]he trial court must expressly address the issue of whether the fellow worker was a co-employee for purposes of the immunity statute.

Massey I, 685 P.2d at 941. If the court finds that co-employee immunity exists, the immunity is a bar to common law negligence liability for personal injuries; if no immunity exists, the action can proceed. Thus, while Massey I makes it clear that a district court must make the immunity determination, it also assumes that the issue has been raised timely as was the case therein. Subject matter jurisdiction was not the issue.

Acceptance of Ehlert's subject matter jurisdiction contention would radically alter our modern rules of civil practice and procedure. Plaintiffs bringing common law negligence actions could no longer make "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a), M.R.Civ.P. Instead, they would be required to allege that neither exclusivity nor co-employee immunity under the Workers' Compensation Act was applicable to their claim in order to plead their way into the court's jurisdiction. Presumably, it also would be incumbent on such plaintiffs to allege the inapplicability of all other

7

immunities and bars to their action. In the event of a general denial by the defendant, one assumes the plaintiff would be put to her or his proof on all such matters. Such a result is not only contrary to our procedural rules, it is also contrary to our most fundamental notions of the pleading and proof burdens of the respective parties to a lawsuit. Nothing in the Act, the Montana Rules of Civil Procedure or our cases supports such a result.

Ehlert relied at the District Court on Mitchell v. Banking Corporation of Montana (1929), 83 Mont. 581, 273 P. 1055, as support for his subject matter jurisdiction argument. In Mitchell, the plaintiffs brought suit against the stockholders of a banking corporation to enforce a specific statutory liability; the statute created both the right and the remedy and contained a time limit for bringing the action. This Court held that, under such circumstances, "[a]llegations of fact showing that the action was commenced within time are, therefore, a necessary part of the complaint. . . ." Mitchell, 273 P. at 1057. Mitchell does not mandate a conclusion here that Brown must allege inapplicability of the Act.

The case before us is nearly the reverse of Mitchell. There, the action was premised in its entirety on a statutory right and remedy; our conclusion specifically was based on the fact that the action did not exist at common law and that, therefore, the plaintiffs had to meet each and every statutory requirement in setting forth their claim. Here, Brown's action for personal injuries is a common law negligence claim.

8

The jurisdiction of Montana's district courts over common law personal injury claims cannot be disputed. See § 3-5-302, MCA. In addition to alleging the facts of the claim, Brown further alleged that the accident occurred in Fergus County, bringing the matter under the jurisdiction of the Tenth Judicial District Court. Thus, Brown met his pleading burden under Rule 8, M.R.Civ.P. No statute or rule requires pleading the inapplicability of the Workers' Compensation Act.

On the other hand, Rule 8(b), M.R.Civ.P., requires a party to state her or his defenses to each claim asserted. In addition, Rule 8(c) requires a party to set forth affirmatively all matters constituting avoidance or affirmative defenses. The rationale for requiring that these defenses be affirmatively pleaded is simple: the same principles of fairness and notice which require a plaintiff to set forth the basis of the claim require a defendant to shoulder a corresponding duty to set out not merely general denials as appropriate, but also those specific defenses not raised by general denials by which a defendant seeks to avoid liability, rather than merely to controvert plaintiff's factual allegations.

The essence of affirmative defenses is to concede that while the plaintiff otherwise may have a good cause of action, the cause of action no longer exists because some statute or rule permits defendant to avoid liability for the acts alleged. Under these principles, exclusivity and co-employee immunity under the Workers' Compensation Act clearly constitute affirmative defenses. They do not go to the merits of Brown's personal injury complaint; rather,

9

they assert that the Act protects Ehlert from liability for the very acts alleged by Brown. As such, they are similar to legislative immunity under § 2-9-111, MCA, and to other affirmative defenses such as statutes of limitations and the statute of frauds. We conclude that Workers' Compensation exclusivity and co-employee immunity are matters of avoidance which, pursuant to Rule 8(c), M.R.Civ.P., must be pleaded affirmatively.

Furthermore, it is well settled in Montana that affirmative defenses are waived if not raised timely. See Chandler v. Madsen (1982), 197 Mont. 234, 642 P.2d 1028. Here, Ehlert did not raise exclusivity or co-employee immunity under the Act in his initial pleadings, after opportunity for discovery, or at the pretrial conference. The matters were raised only after Brown's case-in-chief. This is far too late to provide appropriate notice to Brown and to apprise the District Court that the issues were before it for consideration under the Massey I test or otherwise. We hold that Ehlert waived the affirmative defenses of Workers' Compensation Act exclusivity and co-employee immunity.

Our results here are consistent with those reached in other jurisdictions. In Doney v. Tambouratgis (Cal. 1979), 587 P.2d 1160, the defendant attempted to raise the exclusivity defense in a motion for nonsuit after the plaintiff's case-in-chief and again in motions for judgment notwithstanding the verdict and for new trial. The Supreme Court of California rejected a subject matter jurisdiction argument, concluding that the trial court's common law jurisdiction continued unless and until coverage under the workers'

10

compensation statute was demonstrated; such coverage could be shown by allegations of fact by plaintiff in the complaint or "by the defendant through setting up the affirmative defense of coverage in responsive pleadings and proceeding to prove the existence of the requisite conditions." Doney, 587 P.2d at 1164. Similarly, in Bendar v. Rosen (N.J.Super.A.D. 1991), 588 A.2d 1264, a co-worker was sued for personal injuries caused by an automobile accident. The defendant's attorney did not raise co-employee immunity until after the jury was empaneled. The New Jersey court held that, under the applicable procedural rules, co-employee immunity was waived if not raised by motion before trial or as an affirmative defense. Bendar, 588 A.2d at 1267. While we recognize that the cited cases are distinguishable in part because the workers' compensation acts in California and New Jersey are not identical to Montana's Act, the driving force in those cases and in the case before us relates to pleading rules and principles, rather than to the specifics of each state's statutory workers' compensation acts.

In conclusion, the District Court based its grant of a new trial on an erroneous interpretation of our Massey cases. Because exclusivity and co-employee immunity under the Workers' Compensation Act are affirmative defenses which are waived if not raised timely, we hold that the District Court manifestly abused its discretion in granting a new trial.

We note that Ehlert attempts to raise the issue of improper injection of the fact of liability insurance as an alternative basis on which this Court should uphold the District Court's grant

11

of a new trial. Following a mention of insurance by Brown's counsel in closing argument, Ehlert moved for a mistrial; the motion was denied. Ehlert also raised this issue as one of the grounds for his motion for a new trial. The District Court did not address the issue in its grant of a new trial. Ehlert did not cross-appeal the District Court's denial of his motion for mistrial or its failure to grant a new trial on this basis. Because this is a matter separate and distinct from that for which Brown seeks our review, and absent a cross-appeal, we are precluded from reviewing this issue on appeal. Rouse v. Anaconda-Deer Lodge County (1991), 250 Mont. 1, 817 P.2d 690.

Reversed with instructions to reinstate the jury verdict and enter judgment accordingly.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

12

November 12, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Torger S. Oaas
Attorney at Law
P.O. Box 76
Lewistown, MT  59457

Robert L. Johnson
Attorney at Law
Ste. 507, Montana Bldg.
Lewistown, MT  59457


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy