No. 97-034

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


LISA L. WELTON,

Plaintiff and Appellant,

v.

SUZANNE LUCAS, LAURETTE MURPHY
and SHELLY ROBBINS,

Defendants and Respondents.



APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

R. Russell Plath; Halverson, Sheehy & Plath, Billings,
Montana

For Respondents:

Don M. Hayes; Brown, Gerbase, Cebull, Fulton, Harman & Ross,
Billings, Montana




Submitted on Briefs: April 17, 1997

Decided: June 19, 1997
Filed:


_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Lisa L. Welton (Welton), appeals from the order of the Thirteenth Judicial District Court granting Suzanne Lucas, Laurette Murphy, and Shelly Robbinsþ (collectively þthe Respondentsþ) motion for summary judgment. We reverse and remand.

The following issues are raised on appeal:

1. Where a claimant has pursued a workers' compensation claim against a corporate employer, does the exclusivity provision of 39-71-411, MCA, preclude a suit by the claimant against the corporate shareholders in their capacity as landlords?

2. Did the District Court err in granting summary judgment in favor of Suzanne Lucas, Laurette Murphy and Shelly Robbins?

BACKGROUND

Welton was injured as a result of a workplace accident at Cono-Mart in Billings. Welton contends that she fell and was injured after tripping over a pipe located on the floor of the stockroom behind the beer and soda coolers where cases of beer and soda are stored; the stockroom was illuminated by light coming through the glass cooler doors. Welton claimed that she knew that the pipe was on the floor but due to poor lighting had difficulty seeing and, as a result, she tripped over the pipe on the floor while stocking shelves as part of her employment with G. M. Petroleum Distributors (G. M. Petroleum). Following the incident, Welton filed for and received workers' compensation benefits. She then filed the present suit against the owners of the property.

At the time of the accident, Welton was an employee of G. M. Petroleum, a closely held corporation that operates Cono-Mart. R. M. Grunstead, William Grunstead and the Respondents are the only shareholders of G. M. Petroleum. In addition to being shareholders of G. M. Petroleum, R. M. Grunstead, William Grunstead and the Respondents are the owners of the property and building which is leased by G. M. Petroleum and where Welton suffered her injury. R. M. Grunstead owns 50% of the building; William Grunstead and the Respondents own the remaining 50%.

In her complaint, Welton alleges that the Respondents, as owners of the building, were negligent in allowing a dangerous condition to remain on their premises. It appears that the District Court granted summary judgment against Welton under two theories. First, the court held that the Respondents were protected from liability by the exclusive remedy rule under 39-71-411, MCA. Second, the court held that summary judgment

was appropriate because Welton knew the pipe existed while the Respondents were unaware of the situation.

## DISCUSSION

This Courtþs standard of review in appeals from summary judgment rulings is de novo. Motarie v. Northern Montana Joint Refuse Disposal District (1995), 274 Mont. 239, 242, 907 P.2d 154, 156; Mead v. M.S.B., Inc. (1994), 264 Mont. 465, 470, 872 P.2d 782. When we review a district courtþs grant of summary judgment, we apply the same evaluation as the district court based on Rule 56, M.R.Civ.P. Bruner v. Yellowstone County (1995), 272 Mont. 261, 900 P.2d 901. In Bruner, we set forth our inquiry:

The movant must demonstrate that no genuine issues of material fact exist. Once this has been accomplished, the burden then shifts to the non-moving party to prove, by more than mere denial and speculation, that a genuine issue does exist. Having determined that genuine issues of fact do not exist, the court must then determine whether the moving party is entitled to judgment as a matter of law. We review the legal determinations made by a district court as to whether the court erred.

Bruner, 900 P.2d at 903 (citations omitted).

1. Where a claimant has pursued a workers' compensation claim against a corporate employer, does the exclusive remedy provision of 39-71-411, MCA, preclude a suit by the claimant against the corporate shareholders in their capacity as landlords?

The standard of review of a district courtþs conclusions of law is whether the courtþs interpretation of the law is correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686. See also Kreger v. Francis (1995), 271 Mont. 444, 898 P.2d 672.

Since R. M. Grunstead and William Grunstead were co-employees of Welton, the court dismissed them as defendants pursuant to 39-71-412, MCA. Welton has not appealed from that dismissal.

The District Court held that the Respondents (Lucas, Murphy and Robbins), as shareholders of G. M. Petroleum, were entitled to dismissal of Weltonþs claim by virtue of the exclusive remedy rule under 39-71-411, MCA. Section 39-71-411, MCA, states:

For all employments covered under the Workers' Compensation Act or for which an election has been made for coverage under this chapter, the provisions of this chapter are exclusive. Except as provided in part 5 of this chapter for uninsured employers and except as otherwise provided in the Workers' Compensation Act, an employer is not subject to any liability whatever for the death of or personal injury to an employee covered by the Workers' Compensation Act or for any claims for contribution or indemnity asserted by a third person from whom damages are sought on account of such injuries or death. The Workers' Compensation Act binds the employee himself, and in case of death binds his personal representative and all persons having any right or claim to compensation for his injury or death, as well as the employer and the servants and employees of such

employer and those conducting his business during liquidation, bankruptcy, or insolvency.

To the extent that the District Court's grant of summary judgment was based upon the exclusive remedy provision of 39-71-411, MCA, it was in error. Welton is asserting a claim against the Respondents in their capacity as landowners, not as shareholders in G. M. Petroleum. Lucas, Murphy and Robbins, as individuals, were not employers of Welton nor were they employees of G. M. Petroleum. The fact that they own stock in G. M. Petroleum does not alter their separate and distinct status as landowners. They are in no better a position than any other landowner who leases property to G. M. Petroleum. As landlords of the property leased by G. M. Petroleum, they are strangers to the employment relationship and the exclusive remedy provision does not inure to their benefit. The District Court erred in granting summary judgment to the Respondents Lucas, Murphy and Robbins on the basis of the exclusive remedy provision of 39-71-411, MCA.

2. Did the District Court err in granting summary judgment in favor of Suzanne Lucas, Laurette Murphy and Shelly Robbins?

In granting summary judgment, the District Court held:
Suzanne Lucas, Laurette Murphy, and Shelly Robbins are not employees at Cono-Mart, and they do not live in the state. They signed Powers of Attorney over to their father to manage the daily operations of the business and property. The daughters could not have been negligent because they did not know the pipe existed. [Emphasis added.]

The court relied on our decision in Buskirk v. Nelson (1991), 250 Mont. 92, 818 P.2d 375, for the proposition that a property owner is not liable for negligence when he/she does not have knowledge about the defect which causes the injury. In Buskirk, Buskirk was helping his friend, Donald Nelson, install a garage door opener for Nelson's mother, Adeline Nelson. While they were testing the door opener, it became jammed and the bottom rail on the north end of the door cracked. Buskirk, 818 P.2d at 377. Buskirk was aware that a similar crack in the south end of the door had been repaired with metal strapping so he attempted to repair the new crack in a similar fashion. During this repair process, the spring-loaded mechanism of the door broke loose, resulting in severe injury to Buskirk's eye. Recognizing that the possessor of land is not an insurer against all accidents and injuries to invitees on the premises, Buskirk, 818 P.2d at 380, we held as follows:
All three of the appellant's experts agreed that the cause of the accident was the cracking of the garage door which took place just prior to the time of the accident. As a matter of law, Adeline Nelson, who was not present when the door cracked, could not be held liable for failure to warn about something of which she had no knowledge.

We find Buskirk to be distinguishable from the facts of this case. In Buskirk, the timing of the crack was such that Adeline Nelson not only did not know of the situation, but she could not have known nor would she have had any opportunity to warn anyone of the situation. That is not the case in the present appeal. Respondents Lucas, Murphy and Robbins each submitted affidavits that their only contact with the store was as customers, that they had not been in the cooler and that they were not aware of the existence of the pipe. Property owners owe a duty of ordinary care to keep the premises reasonably safe and to warn people of any hidden or lurking dangers. Cooper v. Sisters of Charity of Leavenworth Health Services, Corp. (1994), 265 Mont. 205, 875 P.2d 352. Although landowners are not insurers of the safety of their property, Limberhand v. Big Ditch Company (1985), 218 Mont. 132, 144,706 P.2d 491, 499, it does not follow that landowners can avoid liability by merely stating that they have never been in the room in question and that they were unaware of the alleged hazard. Such a holding would encourage landowners to avert their eyes and to maintain a state of ignorance as to the state of their property. In Buskirk there was evidence that the crack occurred suddenly, shortly before the injury in question, while Adeline Nelson was not present and that the cause was not something þthat an ordinary landowner would have expertise in . . . .þ Buskirk, 818 P.2d at 380.

In the present case, there is nothing indicating that the presence of the pipe was a sudden occurrence or was something which the Respondents (or their managing agent) would not have seen had they chosen to look. Furthermore, that a pipe on the floor in a work/traffic area presents a potential hazard is not something that requires particular expertise. Although Respondents have testified that they were not aware of the pipe, questions of fact remain as to whether they should have been aware of the pipe and whether they should have provided adequate lighting in the cooler or rearranged the shelving.

In Brown v. Demaree (1995), 272 Mont. 479, 901 P.2d 567, we reversed a summary judgment in a case in which the plaintiff alleged that the defendant was negligent in failing to maintain and illuminate his sidewalk.

Here, then, the critical issue is whether Demareeþs failure to illuminate his sidewalk or to warn of the sidewalk/step-down/landing arrangement constituted a breach of his duty to use ordinary care in maintaining his premises in a reasonably safe condition and to warn of any hidden or lurking dangers. While the trial court resolved that question as a matter of law in favor of Demaree, whether Demaree breached his duty was one of fact which should have been determined by the jury.

Brown, 901 P.2d at 570.

We went on to conclude:

Whether the sidewalk/step-down/landing arrangement in Demaree's sidewalk is "unusual," and whether he should have anticipated or had reason to believe that a person using the sidewalk in the darkness would be injured by stepping into the unlighted drop-down, are clearly factual questions which should have been resolved by the jury, and not by the trial court. See Limberhand, 706 P.2d at 499.

Brown, 901 P.2d at 571.

The same is true here. The question of whether Respondents breached their duty to use ordinary care in maintaining their premises in a reasonably safe condition is one of fact properly left for the jury to resolve.

Respondents contend that the fact that Welton knew of the existence of the pipe absolves them of any liability for her injuries. They cite Kronen v. Richter (1984), 211 Mont. 208, 683 P.2d 1315, for the proposition that a property owner is entitled to assume that people will see and observe that which would be obvious through reasonably expected use of an ordinary person's senses, and Limberhand v. Big Ditch Company (1985), 218 Mont. 132, 144-45, 706 P.2d 491, 499, for the proposition that a property owner's duty is satisfied if the hazardous condition is obvious or actually known. This rule, however, is not absolute as we recognized in Kronen wherein we cited Restatement (Second) of Torts 343 A(1) (1965):

A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. [Emphasis added.]

Although Welton may have been aware of the pipe, she alleged in her second amended complaint that she was unable to observe the pipe due to inadequate lighting in the cooler.

Further, Welton, who was shelving beer at the time of the accident, testified in her deposition that: "And with the stuff being stacked as high as it is, when there's no lighting, you could faintly, faintly see the pipe--you knew it was somewhere in that area--while stocking." Given the existence of a pipe on a floor in a dimly lit traffic area where it is known that workers will be carrying and shelving products, there is a question of fact as to whether the possessor of the land should anticipate harm despite the obviousness of the pipe or despite Welton's knowledge of the pipe.

The summary judgment is reversed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/  JAMES C. NELSON
/S/  WILLIAM E. HUNT, SR.
/S/  TERRY N. TRIEWEILER
/S/  KARLA M. GRAY