FILED

July 28 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0582

DA 14-0582

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 209

ROBERT GEORGE and TINA GEORGE,

  Plaintiffs and Appellants,

 v.

CURTIS K. BOWLER, JEAN L. BOWLER,
and JOHN DOES 1-5,

  Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourth Judicial District,<br>In and For the County of Missoula, Cause No. DV 12-629<br>Honorable John W. Larson, Presiding Judge |

COUNSEL OF RECORD:

  For Appellant:

    James G. Hunt, Jonathan McDonald, Hunt & McDonald Law Firm,
    Helena, Montana

  For Appellee:

    Mark S. Williams, James D. Johnson, Williams Law Firm, P.C., Missoula,
    Montana

           Submitted on Briefs: April 29, 2015
              Decided: July 28, 2015

Filed:

_____
         Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Plaintiffs Robert George and Tina George (the Georges) appeal the Fourth Judicial District Court's grant of summary judgment to defendants Curtis Bowler and Jean Bowler (the Bowlers). The dispositive issue on appeal is:

> *Did the District Court correctly grant summary judgment to the defendants on the basis of the Workers' Compensation Act's exclusivity provision?*

We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2 The Georges filed a complaint against the Bowlers arising from injuries Robert sustained on the Bowlers' property. Robert was employed as a warehouse manager for Carpets Plus, a corporation whose sole shareholder and president is Curtis and whose secretary and treasurer is Jean. Carpets Plus operates on rented property owned by Curtis and Jean individually. In 2008, the Bowlers applied for a building permit to construct a warehouse on their property for use by Carpets Plus. The Bowlers listed "owners" as the general contractors for the warehouse construction.

¶3 On September 4, 2009, Robert was asked by Curtis to assemble carpet racks in the uncompleted warehouse. While assembling the racks, Robert fell and sustained injuries. Robert was on the clock, working for and being paid by Carpets Plus, when he fell. Robert claimed and received workers' compensation benefits for his injuries through Carpets Plus's compensation insurance.

¶4 On May 30, 2012, Robert filed suit against the Bowlers in their individual capacities as the property owners and general contractors of the warehouse, alleging that

2

the Bowlers were negligent in supervising and controlling assembly of the carpet racks and failed to provide a safe place to work in violation of the Montana Occupational Safety and Health Act, §§ 50-71-201 thru -202, MCA.

¶5 In their answer, the Bowlers pleaded the Workers' Compensation Act's (WCA's) exclusivity provision, § 39-71-411, MCA, as an affirmative defense. In his deposition, Curtis testified that he was acting as the president of Carpets Plus when he instructed Robert to assemble the carpet racks. Curtis further testified that he was acting on behalf of Carpets Plus for all aspects of the warehouse construction because the warehouse was solely for use by Carpets Plus.

¶6 After discovery, the Bowlers moved for summary judgment on the basis of the WCA's exclusivity provision. The Bowlers argued that as corporate directors they were co-employees of Robert at Carpets Plus and thus were exempt from suit for Robert's workplace injuries.

¶7 The Georges filed a cross-motion for summary judgment, arguing that the Bowlers as individual property owners and general contractors were separate legal entities from the Bowlers as corporate officers acting on behalf of Carpets Plus, and thus that the exclusivity provision did not apply. The Georges pointed to tax returns showing that the warehouse, including the carpet racks, were depreciated on the Bowlers' individual tax returns, rather than on Carpets Plus's tax return, arguing that this showed that the carpet racks were built for the benefit of the property owners, not for Carpets Plus.

¶8     The District Court granted the Bowlers' motion for summary judgment and denied the Georges' motion. The court held that the Bowlers were acting at all relevant times in their capacities as corporate officers of Carpets Plus and, thus, were immune from suit under the WCA's exclusivity provision. The Georges appeal.

## STANDARD OF REVIEW

¶9     We review summary judgment orders de novo. *Albert v. City of Billings*, 2012 MT 159, ¶ 15, 365 Mont. 454, 282 P.3d 704. Summary judgment is appropriate when the moving party demonstrates an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. M. R. Civ. P. 56(c)(3); *Albert*, ¶ 15. After the moving party meets its initial burden, the burden shifts to the party opposing summary judgment to establish with substantial evidence, as opposed to mere denial, speculation, or conclusory assertions, that a genuine issue of material fact does exist or that the moving party is not entitled to judgment as a matter of law. *Phelps v. Frampton*, 2007 MT 263, ¶ 16, 339 Mont. 330, 170 P.3d 474.

## DISCUSSION

¶10    *Did the District Court correctly grant summary judgment to the defendants on the basis of the Workers' Compensation Act's exclusivity provision?*

¶11    The WCA provides the exclusive remedy against an employer or a co-employee when an employee is injured on the job. Sections 39-71-411 thru -412, MCA. The exclusivity provision is an affirmative defense, *Brown v. Ehlert*, 255 Mont. 140, 146, 841 P.2d 510, 514 (1992), timely asserted here by the Bowlers.

4

¶12 The Georges argue that the WCA's exclusivity provision applies only to the employer, Carpets Plus, and its employees. They argue that the Bowlers as individual property owners are separate legal entities from Carpets Plus. While true, the corporation, Carpets Plus, can act only through its agents. The Bowlers are agents of Carpets Plus as well as the property owners. The Georges maintain that the case turns on the fact that the warehouse was under construction at the time of Robert's injury, and they seek relief against the Bowlers as the general contractors for the warehouse construction rather than as corporate officers of Carpets Plus.

¶13 The Bowlers argue that the Georges' argument already was rejected by this Court in *Herron v. Pack & Co.*, 217 Mont. 429, 705 P.2d 587 (1985). In *Herron*, the plaintiff sued her husband's employer for wrongful death, alleging that her husband died as a result of negligent brake maintenance performed by the defendant. The decedent worked as a truck driver for the defendant, and his heirs had received workers' compensation benefits for his death. The defendant argued that § 39-71-411, MCA, precluded the suit. The plaintiff argued that Montana should adopt the "dual capacity" doctrine embraced by a minority of states, which allows suit against the employer for negligence committed in a capacity separate from its capacity as employer. The plaintiff argued that the defendant's truck maintenance activities constituted a separate capacity and the defendant should not be shielded from liability for negligence committed in that capacity. We rejected the argument, noting that the dual capacity doctrine would "go a long way toward destroying the exclusive remedy principle." *Herron*, 217 Mont. at 431, 705 P.2d

at 588 (quoting 2A Larson, *Workmen's Compensation Law* § 72.81 (1982)). *Herron* is not dispositive, however, because the Georges are not arguing that the same entity was acting in two capacities, but rather that an entity separate from the employer committed the alleged negligence at issue.

¶14 The District Court held that the Bowlers were acting as co-employees of Robert at all times relevant to the dispute and, therefore, are covered by the exclusivity provision of the WCA. In a footnote in their opening brief, the Georges attempt to portray Jean Bowler as a volunteer—and thus not considered an employee under the WCA—because she receives no compensation from Carpets Plus. *See* § 39-71-118(2)(b), MCA. However, the Georges do not dispute that they conceded that point at oral argument before the District Court. We conclude that this argument is waived on appeal, as we will not place the District Court in error for an action to which the appealing party acquiesced. *See Horn v. Bull River Country Store Props*., 2012 MT 245, ¶ 25, 366 Mont. 491, 288 P.3d 218.

¶15 *Welton v. Lucas*, 283 Mont. 202, 940 P.2d 112 (1997), on which the Georges rely, is not controlling. We held in *Welton* that an injured plaintiff was not barred by § 39-71-411, MCA, from suing the owners of property on which the plaintiff was injured, even though the owners also were shareholders in the company that employed the plaintiff. As landlords, the defendants were "strangers to the employment relationship," and they still owed a duty to maintain the premises in a safe condition. *Welton*, 283 Mont. at 206–08, 940 P.2d at 114–15. The *Welton* complaint alleged that the

6

defendants were negligent by allowing a dangerous condition to remain on their premises. *Welton*, 283 Mont. at 204, 940 P.2d at 113. Here, in contrast, the Georges alleged that the Bowlers "failed to provide and enforce the use of proper safety equipment and practices on the project." The alleged negligent acts that caused Robert's injuries were just that—*acts* taken by Curtis while supervising Robert's work; they had nothing to do with the condition of the premises. The Georges' complaint does not invoke premises liability as the basis for their allegations against the Bowlers.

¶16 The Georges argue nonetheless that the undisputed evidence shows that the Bowlers were acting in their capacity as the property owners, not as corporate officers of Carpets Plus, when the carpet racks were being installed in the Bowlers' warehouse. Alternatively, the Georges argue that there is a disputed issue of material fact as to whether the Bowlers were operating as co-employees of Carpets Plus or as the property owners.

¶17 Though not cited by the parties, on point here is *Massey v. Selensky*, 212 Mont. 68, 685 P.2d 938 (1984) (*Massey I*):

> It is well settled in Montana that a co-employee is immune from liability for negligent acts resulting in injuries which are compensable under the Workers' Compensation Act. . . . However, the simple fact that two persons have the same employer would not necessarily cause this rule to apply. We must therefore determine when a co-worker is an "employee" as that term is used in Section 39-71-412, MCA, for purposes of applying the co-employee immunity rule.
>
> .  .  .
>
> We hold that the proper test is whether the co-worker was acting within the course and scope of his employment at the time the negligent acts occurred. If the allegedly negligent co-worker was acting within the course and scope

7

> of his employment at the time he engaged in the purported negligent acts, then he is an "employee of his employer," and immune from suit by the injured claimant.

*Massey*, 212 Mont. at 71–72, 685 P.2d at 940 (internal citations omitted). If the Bowlers were acting in the course and scope of their employment with Carpets Plus when Robert was injured by their alleged negligence, then the exclusivity provision applies.

¶18 The Bowlers point to Curtis's deposition testimony stating that he was solely responsible for supervising and controlling the carpet rack assembly, and that he was acting on behalf of Carpets Plus at all times that he was supervising the carpet rack assembly. They further point to the undisputed fact that Robert was an employee of Carpets Plus, was being paid by Carpets Plus at all relevant times, and was working at his place of employment when the injury occurred. This is sufficient to meet their burden for summary judgment purposes and shift the burden to the Georges to show some disputed issue of material fact or that the evidence does not demonstrate that the Bowlers are entitled to judgment as a matter of law.

¶19 The Georges point to evidence that the Bowlers individually were the general contractors on the warehouse construction on their property and that the carpet racks were fixtures in the warehouse, which was under construction at the time of the accident. The Georges argue that the carpet racks were being installed for the benefit of the property owners as part of the warehouse construction and, thus, that the Bowlers were necessarily acting as property owners and general contractors when they supervised and controlled the carpet rack assembly project. The Georges point to the tax returns

8

showing that the carpet racks were treated for tax purposes as part of the warehouse and depreciated on the Bowlers' individual tax returns.

¶20   The Georges' argument fails because it assumes that if the carpet racks were part of the warehouse and benefitted the property owners, then the assembly of the carpet racks was necessarily supervised by the Bowlers individually rather than by Carpets Plus. As noted earlier, however, Carpets Plus rents the warehouse from the Bowlers, and Robert is the company's warehouse manager.  The carpet racks undisputedly were for use by Carpets Plus.  There likewise is no dispute that Curtis was Robert's supervisor at Carpets Plus, that Robert was working for Carpets Plus at the time of his accident, and that Robert received benefits through the workers' compensation coverage of Carpets Plus for his injuries.  The Georges offer no substantial evidence to contradict Curtis Bowler's testimony that he was acting on behalf of Carpets Plus while supervising the rack assembly.  The Georges have failed to demonstrate a triable issue of fact.

¶21   The Georges also fail to present argument establishing that the Bowlers are not entitled to judgment as a matter of law.  They argue that the property owners are separate legal entities from Carpets Plus and that third parties are subject to suit under § 39-71-412, MCA, and Article II, § 16 of the Montana Constitution.  Both of those propositions are true, except that separate legal entities are not third parties when they are acting within the course and scope of their employment as co-employees of the plaintiff at the times the plaintiff alleges they were negligent.  *Massey*, 212 Mont. at 71–72, 685 P.2d at 940.  Because the undisputed evidence shows that the Bowlers were acting

9

within the course and scope of their employment for Carpets Plus at the time they were alleged to have failed to provide a Carpets Plus employee with a safe place to work, they are protected from suit by the exclusivity provision.

¶22 The Georges raise a second issue regarding the District Court's denial of their motion for sanctions against the Bowlers. That ruling was discretionary, *Johnson v. Booth*, 2008 MT 155, ¶ 13, 343 Mont. 268, 184 P.3d 289, and—given the resolution of the summary judgment issue—we decline to disturb the court's sanction ruling.

## CONCLUSION

¶23 The District Court's judgment in favor of Curtis and Jean Bowler is affirmed.


/S/ BETH BAKER

We concur:

/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE