No. 91-169

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

FILED

SEP 11 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

JAMES ROUSE,

      Plaintiff and Appellant,

    -vs-

ANACONDA-DEER LODGE COUNTY, and JOSEPH MARTELLI, individually and in his capacity as law enforcement officer of Anaconda-Deer Lodge County, and EDWARD CUTLER, individually and in his capacity as law enforcement officer of Anaconda-Deer Lodge County,

      Defendants and Respondents.

---

APPEAL FROM:    District Court of the Third Judicial District,
                  In and for the county of Deer Lodge,
                  The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Jay F. Lansing: Moses Law Firm, Billings, Montana.

      For Respondent:

          Jon R. Binney; Milodragovich, Dale & Dye, Missoula, Montana.

---

               Submitted on briefs:  July 25, 1991

                      Decided:  September 11, 1991

Filed:

---

'Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This appeal involves allegations of police brutality. The plaintiff James Rouse appeals the order of the Third Judicial District Court, Anaconda-Deer Lodge County, granting summary judgment to the defendants Anaconda-Deer Lodge County (County) and officers Joseph Martelli and Edward Cutler. The court granted the defendants' motion on the grounds that the plaintiff's claims were barred by the statute of limitations. We reverse and remand the case for further proceedings.

Rouse raises the following issue on appeal:

Did the District Court err in granting the defendants' motion for summary judgment on the grounds that Mr. Rouse's claims were barred by the statute of limitations set forth in § 27-2-203, MCA?

The incidents giving rise to the allegations in Rouse's complaint occurred on October 25, 1984. We will not describe the details of these allegations at length, as they are not material to our determination of the issues on appeal. It is sufficient for us to note that Rouse alleges that he was stopped by Officers Cutler and Martelli while urinating in a doorway and was brutally beaten without justification or cause. After the incident, Rouse was charged with misdemeanor attempted assault on Officer Martelli. In their amended answer dated April 27, 1990, the defendants raised the affirmative defense of the statute of limitations arguing that it barred all of Rouse's claims. The County moved the court for summary judgment on June 25, 1990. For purposes of this motion, Rouse conceded that there was no evidence that Officer Cutler took

part in the alleged assault. The court granted the motion on January 30, 1991. The court ruled that the defendants were not entitled to immunity under § 2-9-111, MCA, and that § 27-2-204(3), MCA, was the applicable statute of limitations and the statute barred Rouse's claims. Plaintiff filed this appeal regarding the statutory bar of his claims for assault and malicious prosecution. He has not appealed the disposition of his claim of failure to provide medical treatment.

## I. DEFENDANT COUNTY

The District Court ruled that Rouse's claims of assault against officers Martelli and Cutler were barred by § 27-2-204(3), MCA. Rouse argues that § 27-2-209, MCA, a three year statute of limitations concerning liability incurred by a sheriff, coroner, or constable, provides the applicable limitation period in this case. Rouse also argues that § 27-2-209, MCA, allows a plaintiff to file a lawsuit within six months after his claims are rejected by a county, and that because the county has yet to reject his claims, the six month statute has not begun to run against him.

Actions against the state and political subdivisions are governed by Title 2, Chapter 9, Part 3, MCA. The statutes provide in pertinent part:

> **2-9-301. Filing of claims against state and political subdivisions ⸗ disposition by state agency as prerequisite.** (1) All claims against the state arising under the provisions of parts 1 through 3 of this chapter must be presented in writing to the department of administration.
> (2) A complaint based on a claim subject to the provisions of subsection (1) may not be filed in district court unless the claimant has first presented the claim to the department of administration and the department

3

has finally denied the claim. The department must grant or deny the claim in writing sent by certified mail within 120 days after the claim is presented to the department. The failure of the department to make final disposition of a claim within 120 days after it is presented to the department must be considered a final denial of the claim for purposes of this subsection. Upon the department's receipt of the claim, the statute of limitations on the claim is tolled for 120 days. The provisions of this subsection do not apply to claims that may be asserted under Title 25, chapter 20, by third-party complaint, cross-claim, or counterclaim.
      (3) All claims against a political subdivision arising under the provisions of parts 1 through **3** shall be presented to and filed with the clerk or secretary of the political subdivision. (Emphasis added.)

Thus, the statutory requirements enacted by the legislature mandate a plaintiff asserting a cause of action against a governmental entity to first file a claim against that entity before filing an action in district court. The purpose of such statutes is the furtherance of the public policy to prevent needless litigation and to save unnecessary litigation expenses by affording an opportunity to amicably adjust and settle all claims before suit is brought. See 56 Am.Jur.2d, Municipal Corporations, § 686, p. 730 (1971). The statutes also provide a limitation period for such claims:

**2-9-302.  Time for filing -- limitation of actions.** A claim against the state or a political subdivision is subject to the limitation of actions provided by law.

In this case, the parties dispute whether Rouse's causes of action are governed by a two year or a three year statute of limitation. See §§ 27-2-209(1), 27-2-204(1) and (3), MCA. We will discuss the applicability of these sections in greater detail with respect to the individual defendants later in this opinion. With respect to the County, Rouse filed a claim on August 15, 1986, approximately 22 months after the incident. Thus, regardless of whether a two

4

or three year limitation period applies, Rouse's claim against the County was timely filed with the County within two years of the incident. The record indicates that no action was taken by the County in approving or denying the claim. With respect to causes of action filed on a claim against a county political subdivision, the statutes provide that "[a]ctions for claims against a county which have been rejected by the county commissioners must be commenced within 6 months after the first rejection thereof by such board." Section 27-2-209(3), MCA.

With respect to claims against the state, § 2-9-301, MCA, set forth above, provides that the department of administration must grant or deny a claim against the state within 120 days after presentation to the department. Expiration of the 120 day period with no final disposition of the claim is deemed a denial of the claim. The statute's title indicates that disposition of the claim by a state agency is a prerequisite to filing an action in district court. The statutes do not provide a shortened limitation period to file an action on a claim against the state once the claim is denied, as is the case with the six month period for actions on claims against a county.

With respect to claims against political subdivisions, the statutes do not state that a final disposition of the claim before a local tribunal is a prerequisite to filing an action in district court. The statutes also do not provide an automatic denial period for claims made against a county or political subdivision similar to the 120 day period for claims against the state. Here, Rouse's

claim against the County was subject to a six month limitation period after denial by the appropriate body, but no such denial occurred and the statutes do not provide an automatic denial period applicable in this case.

Some jurisdictions have dealt with this problem by holding that the plaintiff must file his action within a reasonable time after presentation of the claim should the government entity fail to act upon the claim. See Annotation, Limitation period as affected by requirement of notice or presentation of claim against governmental body, 3 A.L.R.2d 711, § 10 (1949). We hesitate to legislate what a reasonable time would be after presentation of a claim before it should be deemed denied.

Furthermore, we think that the reasoning of the Wisconsin Supreme Court in Gutter v. Seamandel (Wis. 1981), 308 N.W.2d 403, applies to this case. In Gutter, the court discussed the applicability of a statute [Wis. Stat. 1975 § 62.25(1)(e)] providing a six month limitation period after rejection of a claim and requiring the tribunal to serve the claimant with a notice of disallowance. In holding that this statute applied rather than a statute providing a 90 day disallowance period when the council fails to act [Wis. Stat. 1975 § 345.051, the court stated:

> Our interpretation is also consistent with the public policy justifications for statutes of limitation. Statutes of limitation are imposed to ensure prompt litigation of valid claims and to protect a defendant from fraudulent or stale claims. Armes v. Kenosha County, 81 Wis.2d 309, 319-320, 260 N.W.2d 515 (1977). Interpreting sec. 62.25 (1)(e) to apply does not unduly lengthen the period during which suit may be commenced. On the contrary, the length of the period is controlled by the council which has only to serve notice of

6

> disallowance in order to start the six month period within which the action must begin. In this respect, sec. 345.05, not requiring proof of service of notice of disallowance, does little to ensure prompt litigation; such a statute is more likely to deprive unwary plaintiffs of the opportunity to litigate. (Emphasis added.)

Gutter, 308 N.W.2d at 414. Here, after Rouse filed his timely claim with the County, the County had notice of pending claims against it and also controlled the commencement of the six month limitation period. It would be inherently unfair to require Rouse to file a timely claim against the County before filing an action in District Court and then to penalize him for the County's failure to act, or stalling on the claim. We hold that under §§ 2-9-302 and 27-2-209(3), MCA, the initial period of limitation for claims against a county is tolled upon timely filing of the claim and the six month period of limitation for filing an action in district court does not begin to run until the claimant receives notice of the county board's first denial of the claim.

## II. DEFENDANTS MARTELLI AND CUTLER

### A. Malicious Prosecution Claim

The District Court held that § 27-2-204, MCA, is the statute of limitation applicable to the claims of assault and malicious prosecution against the individual defendants Martelli and Cutler. The statute provides:

> **27-2-204. Tort actions --- general and personal injury.** **(1)** Except as provided in 27-2-216, the period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years.
> (2) The period prescribed for the commencement of an action to recover damages for the death of one caused by the wrongful act or neglect of another is within 3 years.

7

**(3)** The period prescribed for the commencement of an action for libel, slander, assault, battery, false imprisonment. or seduction is within **2 years**. (Emphasis added.)

Subsection **(3)** provides a two year limitation period for specific intentional torts. Subsection (1) provides a residual three year limitation period for torts not specifically enumerated in the statute. The District Court held that Rouse's claims of assault: and malicious prosecution were barred by subsection **(3),** stating:

> The Court has already concluded that the assault **. . .** was not a lawful act committed in the lawful discharge of an official duty. Therefore, the specific two year statute for assault still applies even if the claim presented to Anaconda-Deer Lodge County was never acted upon. This same logic applies to the malicious prosecution claims which stem from allegations of false reports by the Officers involved. The statute of limitations for fraud is also two years as set out in Section **27-2-203,** MCA. (Emphasis added.)

Thus the District Court held that Rouse's claim of malicious prosecution was based on fraud and the two year limitation period, rather than the three year residual limitation period, applies. See § **27-2-203,** MCA.

We need not determine in this case whether a cause of action for malicious prosecution is governed by the two year rather than the three year statute of limitations.

> [A] claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action. **. . .** Unless otherwise provided by statute, the period of limitation begins when the claim or cause of action accrues.

Section **27-2-102,** MCA; Kitchen Krafters v. Eastside Bank (1990), **242** Mont. **155, 161-62, 789** P.2d **567, 571;** see also Heckaman v.

Northern Pac. Ry. Co. (1933), 93 Mont. 363, 375-76, 20 P.2d 258, 261. The elements of the tort of malicious prosecution are:

> 1. A judicial proceeding commenced against the party alleging malicious prosecution:
> 2. the other party's responsibility for instigating the proceeding;
> **3.** a want of probable cause for the other party's action;
> 4. the existence of malice as the motivator behind the other party's action;
> 5. <u>the termination of the proceeding in favor of the alleging party</u>; and
> 6. damages suffered by the party alleging malicious prosecution. (Emphasis added.)

First Bank (N.A.) Billings **v.** Clark (1989), 236 Mont. 195, 204-05, 771 P.2d 84, 90. The complaint alleges that Rouse was tried by a jury on March 13 and 14, 1986 and acquitted of the assault charge. The judgment is not part of the record. Assuming Rouse's allegations are true, his cause of action for malicious prosecution did not accrue until the acquittal. Rouse filed his cause of action in District Court on October 22, 1987. Assuming he was acquitted in March of 1986, his claim of malicious prosecution falls within either a three or two year statute of limitation and thus would not be barred.

B. **Assault Claim Against Officer Martelli**

The District Court ruled that the assault cause against the individual defendants was barred by § 27-2-204(3), MCA, the two year statute of limitation for assault claims. Rouse argues that because the defendants are law enforcement officers of Anaconda-Deer Lodge County, his cause of action is governed by a different statute, namely § 27-2-209(1), MCA. The latter provides:

**27-2-209.    Actions against local government or local**

9

**government official.** **(1)** The period prescribed for the commencement of an action against a sheriff, coroner, or constable upon a liability incurred by the doing of an act in his official capacity and in virtue of his office or by the omission of an official duty, including the nonpayment of money collected upon an execution, is within 3 years; but this subsection does not apply for an action for an escape.

The District Court ruled that this section does not apply "because none of the officials listed in the statute are involved in the instant case."

We agree. There is authority that the statute does not apply to these types of actions, see Dixon v. Seymour (N.Y. 1978), 405 N.Y.S.2d 320, 321-22; Ingo v. Koch (2d Cir.1942), 127 F.2d 667, 671; 80 C.J.S., <u>Sheriffs and Constables</u>, Sec. 151(b) (1953). However, even assuming they do apply, neither Officer Martelli nor Officer Cutler is a sheriff or coroner within the plain meaning of the statute. Rather, they are law enforcement officers of a consolidated city-county government entity. Furthermore, they are not **"constables"** within the true meaning of that word. Black's Law Dictionary (6th Edition 1990) defines constable as

[a]n officer of a municipal corporation (usually elected) whose duties are similar to those of the sheriff, though his powers are less and his jurisdiction smaller. He is to preserve the public peace, execute the process of magistrates' courts, and of some other tribunals, serve writs, attend the sessions of the criminal courts, have the custody of juries, and discharge other functions sometimes assigned to him by the local law or by statute. Powers and duties of constables have generally been replaced by sheriffs.

We also note that in at least one other jurisdiction where a similar statute of limitation has been held to apply to the tortious acts of law enforcement officials, the statute contains

10

the words "peace officer" rather than "sheriff" and "constable."
See Jenkins v. Daniels (Aka. 1988), 751 P.2d 19, 21.  On the other
hand, the wording of § 27-2-209(1), MCA, is virtually unchanged
from the original statute contained in the Field Code and first
enacted in New York in 1829.  See Dixon, 405 N.Y.S.2d at 321.  If
the legislature intended this limitation period to apply to all
"peace officers" for all their tortious acts, it could have so
amended it.  Thus, the two year statute of limitation contained in
§ 27-2-204(3), MCA, applies to Rouse's assault claim against
Martelli, and it is thus barred.

### III. DEFENDANTS' ISSUE

In their response brief, the defendants attempt to raise the
following issue, in the event that we reverse on the statute of
limitation:

Did the District Court err in determining that the defendants
are not protected from suit based on the immunity provided in § 2-
9-111, MCA?

The record indicates that the defendants have failed to
properly preserve this issue for appeal by filing timely cross-
appeal on this issue.

> Although Rule 14 [M.R.App.Civ.P.] provides for review of
> matters by cross-assignment of error, this does not
> eliminate the necessity for cross-appeal by a respondent
> who seeks review of rulings on matters separate and
> distinct from those sought to be reviewed by the
> appellant.

Johnson v. Tindall (1981), 195 Mont. 165, 169, 635 P.2d 266, 268.
Thus, we are precluded from reviewing this issue on appeal.

In summary, Rouse's assault claim against Officer Martelli is

11

barred by § 27-2-204(3), MCA. Rouse's claims against the individual officers for malicious prosecution and his claim against the County are not barred, and we reverse the District Court's order to that extent. **AFFIRMED** in part and **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____

_____

_____

_____
Justices

Justice Fred J. Weber specially concurs as follows:

I agree with the holding of the majority opinion that the cause of action was not barred by the statute of limitations contained in § 27-2-204(3), MCA. I base my concurrence upon my conclusion that the plaintiff filed his action within a reasonable time after presentation of the claim to the governmental entity. That rationale is not specifically approved in the majority opinion.

As quoted in the majority opinion, § 2-9-301, MCA, provides that claims against the State of Montana must be presented to the Department of Administration and the Department must grant or deny the claim in writing sent by certified mail within 120 days. Failure of the Department to make a final disposition within 120 days after presentation "must be considered a final denial of the claim." In addition, the statute of limitations on the claim is tolled by 120 days.

Unfortunately the legislature did not make any provision with regard to the time limitations on claims made to a political subdivision. Under paragraph (3) of the same code section, such claims are required to be presented to the clerk or secretary of the political subdivision. There is no reference to the manner of responding on the part of the political subdivision or its clerk, nor is there any reference to an extension for statute of limitation purposes. I would hope that this absence will be noted by the legislature and cared for in future legislation.

While I generally agree that this Court should not legislate

13

on matters, I question that the application of a reasonable time standard constitutes legislation for this purpose.  Here plaintiff waited more than 14 months after filing his claim with the City-County before he filed his complaint in District Court.  Notwithstanding that wait, because the complaint was filed within three years of the original date of injury, I conclude that the filing occurred within a reasonable time.  I therefore join in the majority opinion.

The holding of the majority indicates there is no time limitation which begins to run until the claimant actually receives notice of the County Board's denial of the claim.  Had the plaintiff here delayed 14 years from the filing of his claim to the filing of the District Court complaint, I would conclude that was an unreasonable time which barred his right to recover.

The majority has also provided that the six month period of limitation does not begin to run until the claimant "receives notice" of the denial of his claim.  That is even more strict than the statutory requirement with regard to the State of Montana, which only requires the State to send their denial by certified mail.  I do not agree with that conclusion.

_____
Justice

14

September 11, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order **was** sent by United States mail, prepaid, to the following named:

Jay F. Lansing
Moses Law Firm
P.O. Box 2533
Billings, MT 59103

Jon R. Binney
Milodragovich, Dale & Dye
P.O. Box 4947
Missoula, MT 59806

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy