FILED

07/26/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0010

DA 16-0010

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 180

IN THE MATTER OF THE ESTATE OF KENNETH R.
WOODY IV, Deceased, by and through his personal representative
KENNETH R. WOODY, and LORRAINE WOODY,
personal representative, on behalf of the heirs of
KENNETH R. WOODY IV,

Plaintiffs and Appellants,

v.

BIG HORN COUNTY, a Political Subdivision of the
State of Montana, and the BIG HORN COUNTY SHERIFF'S OFFICE,

Defendants and Appellees.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Big Horn, Cause No. DV 15-9
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Gregory Paul Johnson, Attorney at Law, Billings, Montana

For Appellees:

Calvin J. Stacey, Bryan M. Kautz, Stacey, Funyak & Kautz,
Billings, Montana

Submitted on Briefs:  June 1, 2016

Decided:  July 26, 2016

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Kenneth R. Woody and Lorraine Woody, as co-personal representatives of the Estate of Kenneth R. Woody IV, and on behalf of his heirs (the Estate), appeal the order of the Twenty-Second Judicial District Court, Big Horn County, granting Big Horn County's and Big Horn County Sheriff's Office's (collectively, the County) motion to dismiss. The Estate raises the following issue on appeal:

*Whether the District Court erred in determining that the Estate's complaint was barred by the statute of limitations.*

¶2 We reverse and remand for further proceedings.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 Kenneth R. Woody IV was killed on December 16, 2011, after the vehicle in which he was a passenger crashed near Hardin, Montana, following a high-speed chase by a Big Horn County Sheriff's deputy.

¶4 On September 11, 2014, the Estate submitted a claim letter to the County, seeking $750,000 from the County for wrongful death and survivorship damages related to Woody's death. The claim letter informed the County that it had 120 days from the date of the letter to resolve the claim "without the necessity of litigation." The County Board of Commissioners acknowledged receipt of the letter on September 15, 2014, but never responded.

¶5 On March 3, 2015, the Estate filed a complaint against the County in the District Court asserting negligence, survivorship, wrongful death, and negligent infliction of emotional distress. On March 18, 2015, the County filed a motion to dismiss under M. R. Civ. P. 12(b)(6) for failure to state a claim, asserting that the Estate's claims were barred

2

by the applicable three-year statute of limitations. The Estate objected to the motion, averring that its claim letter to the County had tolled the statute of limitations in accordance with §§ 2-9-301, 2-9-302 and 27-2-209(3), MCA.

¶6 The District Court held a hearing on the County's motion to dismiss on October 19, 2015. The parties argued opposing interpretations of the effect and applicability of §§ 2-9-301 and 27-2-209(3), MCA. The Estate relied primarily on *Rouse v. Anaconda-Deer Lodge County*, 250 Mont. 1, 817 P.2d 690 (1991), *overruled in part by Stratemeyer v. Lincoln County*, 276 Mont. 67, 915 P.2d 175 (1996). The County relied primarily on *Stratemeyer*. On December 10, 2015, the court granted the County's motion to dismiss, concluding that the Estate's claims were time barred "in accordance with the *Stratemeyer* holding." The Estate appeals.

**STANDARDS OF REVIEW**

¶7 We review de novo a district court's ruling on a motion to dismiss under M. R. Civ. P. 12(b)(6). *Cowan v. Cowan*, 2004 MT 97, ¶ 10, 321 Mont. 13, 89 P.3d 6. Whether a district court correctly applied the statute of limitations is a question of law, also reviewed for correctness. *Momsen v. Momsen*, 2006 MT 233, ¶ 7, 333 Mont. 463, 143 P.3d 450.

**DISCUSSION**

¶8 *Whether the District Court erred in determining that the Estate's complaint was barred by the statute of limitations.*

¶9 The statute of limitations for claims of negligence, wrongful death, survivorship, and negligent infliction of emotional distress is three years. Section 27-2-204, MCA. Generally, a claim accrues and the limitation period begins to run when all elements of

the claim "exist or have occurred." Section 27-2-102, MCA. The parties do not dispute the three-year limitations period and agree that this action accrued on December 16, 2011. An action commences upon the filing of the complaint. Section 27-2-102(1)(b), MCA. "All civil actions must be commenced within the periods prescribed in [Title 27, Chapter 2, Part 2, MCA,] except when another statute specifically provides a different limitation." Section 27-2-105, MCA. Claims against the State or a political subdivision are "subject to the limitation of actions provided by law." Section 2-9-302, MCA.

¶10 Section 2-9-301, MCA, sets forth administrative claim requirements for actions against the State and political subdivisions. The County is a political subdivision as defined under § 2-9-101(5), MCA. A plaintiff making a claim against the State must first present the claim to the Montana Department of Administration before filing a complaint in a district court. Section 2-9-301(2), MCA. "Upon the department's receipt of the claim, the statute of limitations is tolled for 120 days." Section 2-9-301(2), MCA. Section 2-9-301, MCA, contains no tolling provision for claims against political subdivisions, but still requires that plaintiffs present and file such claims with the clerk or secretary of the political subdivision. Section 2-9-301(3), MCA. "Actions for claims against a county that have been rejected by the county commissioners must be commenced within 6 months after the first rejection." Section 27-2-209(3), MCA.

¶11 The District Court interpreted and analyzed §§ 2-9-301 and 27-2-209(3), MCA, and our decisions in *Rouse* and *Stratemeyer* to conclude that the Estate's claim letter to the County "did not toll the limitations period for the claims asserted in the Estate's [Complaint]." With respect to § 2-9-301, MCA, the court noted that subsection (3)

4

contains no requirement that a claim against a political subdivision be "first presented" to the government or that it be acted upon before a complaint can be filed. "Rather, § 2-9-301(3), MCA, merely requires that a claim be filed." The court noted further that unlike § 2-9-301(2), MCA—which tolls the statute of limitations upon timely filing of a claim against the State—subsection (3) of this statute "contains no such tolling provision related to claims made against political subdivisions." Similarly, with respect to § 27-2-209(3), MCA, the court found "no indication in the statute that [the applicable] subsection lengthens the limitations period further than the general limitation period for a claim against a county." The court concluded further, "Rather than lengthening the limitation period, subsection (3) actually shortens the period . . . under appropriate circumstances." In any event, the court concluded, § 27-2-209(3), MCA, is not applicable to the facts of this case because "the County never denied the Estate's claim."

¶12 The court noted that the Estate's theory with respect to §§ 2-9-301 and 27-2-209(3), MCA, "mirrors" this Court's analysis in *Rouse*. The court acknowledged that "[u]nder the *Rouse* analysis, because the County never denied the Estate's claim, the Estate's [Complaint] would be timely filed." The court concluded, however, that in *Stratemeyer*, this Court "acknowledged that its statutory interpretation in *Rouse* was not correct." According to the District Court, *Rouse* "was the product of the Montana Supreme Court's misinterpretation of § 2-9-301(3), MCA, which in turn resulted in the court finding an inherent unfairness in the statutory scheme—an unfairness that does not exist under a correct reading of the statute." The court concluded further that because "the Estate was free to commence the instant action in district court on the same day it

5

presented its claim to the County, or even prior," the September 11, 2014 letter "did not toll the limitations period."

¶13 The Estate argues that the District Court erred in its interpretation and analysis of the applicable statutes and case law. The Estate contends that the decision in *Rouse* remains good law insofar as it held that under §§ 2-9-302 and 27-2-209(3), MCA, "the initial period for claims against a county is tolled upon timely filing of the claim and the six month period of limitation for filing an action in district court does not begin to run until the claimant received notice of the county board's first denial of the claim." *Rouse*, 250 Mont. at 6, 817 P.2d at 693. The Estate argues that "[t]he only inconsistency" between *Rouse* and *Stratemeyer* "is that Section 2-9-301(3), MCA, does not require a claim against a county to be 'first presented' or that it be acted upon before a complaint can be filed." Therefore, according to the Estate, because it "timely filed its claim with the [County]" and because the County "never denied the claim," the limitations period for the Estate's claims against the County "was tolled and the six month period of limitation for filing an action in district court did not begin to run because the Estate never received notice of the County's denial of the claim." The Estate claims that by first filing its claim with the County before filing a complaint, it acted in accordance with *Rouse*, the "legislative mandate of Section 2-9-301(3), MCA," and in "furtherance of the public policy to prevent needless litigation and to save unnecessary litigation expenses by affording an opportunity to amicably adjust and settle all claims before suit is brought."

¶14 The County argues that the plain language of §§ 2-9-301(3) and 27-2-209(3), MCA, establish that "no tolling of a statute of limitations exists when a claim is being

6

made against a county." The County points out that while § 2-9-301(2), MCA, contains a specific tolling provision for claims against the State, § 2-9-301(3), MCA, contains no such provision for claims against a political subdivision. The County contends further that § 27-2-209(3), MCA, "actually shortens the time frame in which to file a lawsuit against a county, if the county denies the claim." For example, according to the County, where a county receives a negligence claim after "one year of the statute running, and the county immediately denies the claim, instead of having two years left in which to file the lawsuit, the plaintiff would have only 6 months left" to file the complaint in district court. "[T]he biggest difference between *Rouse*, *Stratemeyer*, and the case at hand," according to the County, "is that in both cited cases, the plaintiff filed their lawsuit within the applicable period of limitations. . . . In the instant case, those facts do not exist." Finally, the County contends that the Estate's public policy argument is not enough to reverse the District Court because "there exist[ ] clearly established statutes of limitation that must be adhered to when filing a lawsuit."

¶15    In *Rouse*, we analyzed the application of §§ 2-9-302 and 27-2-209(3), MCA, with respect to Rouse's claim against the county for assault and malicious prosecution. *Rouse*, 250 Mont. at 4-6, 817 P.2d at 692-93. Rouse had filed his claim with the county approximately twenty-two months after the incident giving rise to his claims and the county never responded. *Rouse*, 250 Mont. at 4, 817 P.2d at 692. Rouse then filed a complaint in the district court nearly three years after the incident. The district court held that Rouse's claims were time-barred by a two-year statute of limitations. On appeal Rouse argued that under § 27-2-209(3), MCA, "because the county ha[d] yet to reject his

7

claims, the six month statute ha[d] not begun to run against him." *Rouse*, 250 Mont. at 3, 817 P.2d at 691. We reversed the district court's holding, noting that "after Rouse filed his timely claim with the County, the County had notice of pending claims against it and also controlled the commencement of the six month limitation period." *Rouse*, 250 Mont. at 6, 817 P.2d at 693. We concluded, "It would be inherently unfair to require Rouse to file a timely claim against the County before filing an action in District Court and then to penalize him for the County's failure to act, or stalling on the claim." *Rouse*, 250 Mont. at 6, 817 P.2d at 693. We held that Rouse's claims against the county were not barred because:

> under §§ 2-9-302 and 27-2-209(3), MCA, the initial period of limitation for claims against a county is tolled upon timely filing of the claim and the six month period of limitation for filing an action in district court does not begin to run until the claimant receives notice of the county board's first denial of the claim.

*Rouse*, 250 Mont. at 6, 817 P.2d at 693.

¶16    In *Stratemeyer*, an officer with a county sheriff's department filed a tort claim in a district court against the county for failure to train, counsel, or debrief him after he witnessed the aftermath of a suicide while on the job. *Stratemeyer*, 276 Mont. at 70, 915 P.2d at 176. The district court dismissed the officer's tort claim, determining that although he had filed the complaint within the three-year statute of limitations, his claim was barred because he failed to first file it with the county "as required by § 2-9-301, MCA." *Stratemeyer*, 276 Mont. at 71, 915 P.2d at 177. On appeal, the county relied on *Rouse* to assert that § 2-9-301(3), MCA, required a plaintiff to first file a claim against the entity before proceeding in district court. *Stratemeyer*, 276 Mont. at 73, 915 P.2d at

8

178. We noted that the language in *Rouse* on which the county relied "is dicta" but also acknowledged that in *Rouse* we had "inexplicably read the 'first file' requirement" into § 2-9-301(3), MCA, which "violates . . . our rules for statutory construction." *Stratemeyer*, 276 Mont. at 73, 915 P.2d at 178. Thus, we rejected "our broad statement in *Rouse* which would require a claimant to 'first file' his claim with the political subdivision before proceeding in district court." *Stratemeyer*, 276 Mont. at 73, 915 P.2d at 178-79. We concluded instead that § 2-9-301(3), MCA, "merely requires that a claim be filed, it does not require that it be 'first presented' or that it be acted upon before a complaint can be filed." *Stratemeyer*, 276 Mont. at 74, 915 P.2d at 179. Consequently, we reversed the district court and overruled *Rouse* "to the extent that [it] expresses an opinion inconsistent with our analysis in the instant case." *Stratemeyer*, 276 Mont. at 74, 915 P.2d at 179.

¶17 The Estate's reading of *Rouse* and *Stratemeyer* is accurate. *Stratemeyer* overruled *Rouse* only with respect to interpretation of § 2-9-301(3), MCA. *Stratemeyer*, 276 Mont. at 73-74, 915 P.2d at 178-79. Section 27-2-209(3), MCA, which contains the language held in *Rouse* to toll the limitations period, was not applicable in *Stratemeyer* and was never analyzed, discussed, or even mentioned in that case. We stated explicitly in *Stratemeyer* that the overruled statement in *Rouse* was "dicta" and was "not related to our holding in *Rouse*." *Stratemeyer*, 276 Mont. at 73, 915 P.2d at 178. Accordingly, *Stratemeyer* overruled *Rouse* only to the extent that it required a plaintiff to first file a claim with a political subdivision before proceeding in district court under § 2-9-301(3), MCA. The rest of the *Rouse* decision, therefore, remained good law after *Stratemeyer*.

9

¶18 *Rouse* establishes that under §§ 2-9-302 and 27-2-209(3), MCA, when a plaintiff timely files a claim against a county, the period of limitations is tolled and the six month limitation period for filing in district court does not begin to run until the claimant receives notice of the county's denial of the claim. *Rouse*, 250 Mont. at 6, 817 P.2d at 693. As noted, claims against political subdivisions are subject to the limitation of actions provided by law. Section 2-9-302, MCA. We are reluctant to conclude, absent plain language in the statutes, *see Bates v. Neva*, 2014 MT 336, ¶ 26, 377 Mont. 350, 339 P.3d 1265, that the six-month period under § 27-2-209(3), MCA, may shorten the original limitations period but not lengthen it. Among other things, "statutes of limitation serve the purpose of ensuring 'basic fairness' to parties." *Burley v. Burlington N. & Santa Fe Ry. Co.*, 2012 MT 28, ¶ 16, 364 Mont. 77, 273 P.3d 825. We observed in *Rouse* that such an application of the six-month provision "does not unduly lengthen" the limitation period, particularly because the political subdivision retains control against stale claims by responding to a plaintiff's administrative filing. *Rouse*, 250 Mont. at 6, 817 P.2d at 692 (citing *Gutter v. Seamandel*, 308 N.W.2d 403, 414 (Wis. 1981)).

¶19 *Rouse* is squarely on point with the facts in this case and it was reasonable for the Estate to rely on it. The original three-year limitations period for the Estate's claim would have run on December 16, 2014. On September 11, 2014, the Estate presented its claim with the County pursuant to § 2-9-301(3), MCA. The County acknowledged that it received the claim; it thus "had notice of pending claims against it and also controlled the commencement of the six month limitation period." *Rouse*, 250 Mont. at 6, 817 P.2d at 693. Under *Rouse*, upon the filing of the claim the period of limitations was tolled until

10

the Estate received notice of the County's denial of the claim, at which point the Estate would have had six months from the date of denial to file a complaint. *Rouse*, 250 Mont. at 6, 817 P.2d at 693. Like in *Rouse*, the County never denied or responded otherwise to the Estate's claim. Therefore, the original limitation period was tolled and the six-month limitation period never began. *Rouse*, 250 Mont. at 6, 817 P.2d at 693. The Estate's complaint was timely filed. Indeed, the Estate commenced its action within six months of the date it presented its claim to the County. The District Court erred in concluding that the Estate failed to file its complaint within the applicable limitations period.

¶20 As a final matter, we decline to revisit *Rouse* in this case. The principal of *stare decisis* applies strongly when interpreting statutes; once the Court has placed a construction on statutory language, the Court prefers to "leav[e] it to the legislature to amend the law should a change be deemed necessary." *Bottomly v. Ford*, 117 Mont. 160, 168, 157 P.2d 108, 112 (1945). The Legislature has let stand this Court's initial construction of § 27-2-209(3), MCA, and it has become the law. *Musselshell Ranch Co. v. Seidel-Joukova*, 2011 MT 217, ¶ 14, 362 Mont. 1, 261 P.3d 570. As such, we defer to the Legislature to clarify the statute if the Court's interpretation of its language is not what the Legislature intends. *Bottomly*, 117 Mont. at 168, 157 P.2d at 112.

## CONCLUSION

¶21 For the foregoing reasons we conclude that the District Court erred in dismissing the Estate's complaint on the basis that it was time-barred. We reverse the court's order granting the County's motion to dismiss and remand the case for further proceedings.

11

/S/ BETH BAKER

We concur:

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE