

## SYNOPSIS OF THE CASE

**2020 MT 59**, OP 19-0085:   **BNSF RAILWAY COMPANY,** Petitioner **v. THE ASBESTOS CLAIMS COURT OF THE STATE OF MONTANA, THE HONORABLE JUDGE AMY EDDY, PRESIDING JUDGE,** Respondent.[1]

This case arises out of injury claims made by Plaintiffs against BNSF Railway Company (BNSF) allegedly arising from asbestos contamination in Libby, Montana. Mineral Carbon and Insulating Company, later Zonolite Company, began mining vermiculite in Libby in 1922. W.R. Grace (Grace) acquired the mining operation in 1963, and the resulting vermiculite mining operation was substantial, accounting for approximately 80% of the world's vermiculite ore. BNSF transported the vermiculite that was mined by Grace. BNSF's tracks run through town, and its railyard is within Libby. The vermiculite contained a significant amount of asbestos. The EPA began investigating the presence of asbestos in Libby in 2000, and in 2002, areas in Libby were placed on the Superfund National Priorities List. The EPA's Initial Pollution Report revealed significant asbestos contamination in the air and soil of BNSF's railyard and along its tracks. The Plaintiffs sued BNSF, claiming injuries caused by the asbestos contamination in the railyard and on the railway.

BNSF asked the District Court to dismiss the lawsuit on the ground that federal law barred the Plaintiffs' claims. The Plaintiffs asked the District Court to hold BNSF to a higher standard of liability, or "strictly liable" regardless of its negligence, for Plaintiff's injuries. Finally, the Plaintiffs asked the District Court to prohibit BNSF from arguing that Grace, and not BNSF, caused Plaintiffs' injuries. The District Court denied BNSF's motion to dismiss, and granted the Plaintiffs' requests.

BNSF petitioned the Montana Supreme Court to exercise supervisory control over these pre-trial decisions by the District Court. On the effect of federal law, the Court rejected BNSF's argument and concluded that federal law did not bar Plaintiffs' claims. On the issue of "strict liability," the Court held BNSF's activities in Libby were considered "abnormally dangerous" under the law, and therefore, BNSF was subject to the strict liability standard. However, the Court concluded BNSF would not be subject to strict liability for actions it was required by law to perform, namely, transporting the vermiculite, but was nonetheless subject to ordinary negligence liability for such actions. The Court asked the District Court, upon remand, to determine which of BNSF's actions were required by law. Finally, the Court upheld the District Court's ruling that BNSF could not introduce evidence of Grace's conduct in order to argue BNSF did not cause the Plaintiffs' injuries. The Supreme Court remanded the case for trial.

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.