DA 19-0336

FILED

04/07/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0336

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 83

J.S. TURNER,

       Plaintiff and Appellee,

   v.

CITY OF DILLON, MONTANA;
MAYOR MICHAEL L. KLAKKEN, Individual,

       Defendants and Appellants.

APPEAL FROM:    District Court of the Fifth Judicial District,
                  In and For the County of Beaverhead, Cause No. DV-16-13942
                  Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

            Cynthia L. Walker, Emma R. Peckinpaugh, Poore, Roth & Robinson, P.C.,
            Butte, Montana

       For Appellee:

            Maggie Braun, Sheryl Wambsgans, Bridger Law, Bozeman, Montana

                            Submitted on Briefs:  February 12, 2020

                                   Decided:  April 7, 2020

Filed:

_____
                           Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Defendants City of Dillon (City or Dillon) and Dillon Mayor Michael Klakken (Klakken) appeal from the order entered by the Fifth Judicial District Court, Beaverhead County, denying their motions to dismiss and for summary judgment on the ground that Plaintiff J.S. Turner's (Turner) wrongful discharge from employment claim was barred by the applicable statute of limitation. We reverse and remand for entry of judgment in favor of the Defendants. The only issue on appeal is:

¶2 *Did the District Court err by failing to dismiss Turner's wrongful discharge claim as barred by the statute of limitations?*

## BACKGROUND

¶3 The facts relating to the timeliness of Turner's complaint are undisputed. Turner was employed as Dillon's Director of Operations, and was discharged from employment on September 25, 2015. On September 21, 2016, Turner presented a Notice of Claim with the City Clerk for the City of Dillon, including a copy of an unfiled complaint alleging violation of the Wrongful Discharge of Employment Act (WDEA). *See* § 39-2-905, MCA. On November 2, 2016, the City denied the claims in a letter from its legal counsel. Turner filed his complaint in the District Court on November 7, 2016.

¶4 The City moved to dismiss the complaint pursuant to M. R. Civ. P. 12(b)(6), arguing Turner's claims were barred by the applicable statute of limitations. The District Court denied the motion, reasoning:

> There is no distinction drawn between the various forms of localized government whether it be a county, city, or school district that are listed at § 2-9-101(5). The Defendants would like the Court to draw a distinction

2

between how counties and cities should be treated under these statutes. In reading the statutes at issue in this case, however, the Court does not find textual support for distinguishing between a county and a city. The timely filing of the notice of claim upon the political subdivision provides notice of the pending claims. Consequently, the original limitation period is tolled and a plaintiff's complaint is considered as timely filed with the district court despite being filed beyond the statute of limitations. The facts currently before the Court are similar to the facts considered in the *Estate of Woody* case. The Plaintiff filed a notice of claim with the City of Dillon Clerk on September 21, 2016, within the original statute of limitations. The filing of the notice of claim tolled the statute of limitations for 120 days to allow the Defendants to respond. The Defendants denied the claims it had been presented on November 2, 2016, so the Plaintiff filed the Complaint with the District Court on November 7, 2016. Having considered the statutory language and the precedent of the Montana Supreme Court, this Court concludes that the statute of limitations was tolled in this matter.

¶5 Subsequently, the City again sought dismissal of the action as time barred under the statute of limitations by way of a motion for summary judgment, a Rule 60 motion, and a motion for directed verdict during the jury trial, all of which were denied by the District Court. The jury found that Klakken and the City had discharged Turner without good cause and awarded damages of $75,612.

## STANDARD OF REVIEW

¶6 "We review de novo a district court's ruling on a motion to dismiss under M. R. Civ. P. 12(b)(6). Whether a district court correctly applied the statute of limitations is a question of law, also reviewed for correctness." *Estate of Woody v. Big Horn Cty.*, 2016 MT 180, ¶ 7, 384 Mont. 185, 376 P.3d 127 (internal citations omitted).

¶7 "This Court reviews a district court's summary judgment ruling de novo, applying the same criteria as the district court. Summary judgment is only appropriate where no genuine dispute of material fact exists and the moving party is entitled to judgment as a

3

matter of law." *BNSF Ry. Co. v. Asbestos Claims Court*, 2020 MT 59, ¶ 7, ___ Mont. ___, ___, P. 3d ___, (internal citations omitted).

## DISCUSSION

¶8    *Did the District Court err by failing to dismiss Turner's wrongful discharge claim as barred by the statute of limitations?*

¶9    Defendants Klakken and the City of Dillon argue the District Court erred by holding the notice of claim filed by Turner with the City Clerk tolled the applicable statute of limitations for 120 days, as this Court has already held that the 120-day tolling provision in § 2-9-301(2), MCA, applies only to claims against the State of Montana, and not against political subdivisions, citing *Estate of Woody*.  Defendants explain, consistent therewith, this Court has repeatedly held that, despite the provision in § 2-9-301(3), MCA, for claims against political subdivisions to be filed with "the clerk or secretary of the political subdivision," there is no requirement that such a claim "be 'first presented' or that it be acted upon before a complaint can be filed [in the district court]," quoting *Stratemeyer v. Lincoln Cty.*, 276 Mont. 67, 74, 915 P.2d 175, 179 (1996).[1]

---

[1] Section 2-9-301, MCA, provides:

"(1) All claims against the state arising under the provisions of parts 1 through 3 of this chapter must be presented in writing to the department of administration.

(2) A complaint based on a claim subject to the provisions of subsection (1) may not be filed in district court unless the claimant has first presented the claim to the department of administration and the department has finally denied the claim.  The department must grant or deny the claim in writing within 120 days after the claim is presented to the department.  The failure of the department to make final disposition of a claim within 120 days after it is presented to the department must be considered a final denial of the claim for purposes of this subsection.  Upon the department's receipt of the claim, the statute of limitations on the claim is tolled for 120 days.

¶10    In response, Turner argues that filing a notice of claim with a political subdivision "is a condition precedent to filing a claim in district court." He argues that his action of filing the notice of claim with the City "tolled the statute of limitations for 120 days in which the City of Dillon and Mayor Klakken had an opportunity to respond to the complaint." Alternatively, Turner argues that his case is virtually identical to *Estate of Woody*, wherein we held that the Plaintiff's notice of claim filed with Big Horn County tolled the limitation period for filing an action until the county's rejection of the claim, after which the claimant had six months to file an action, pursuant to § 27-2-209(3), MCA. *Estate of Woody*, ¶ 18.[2] Acknowledging that *Estate of Woody* involved a claim against a county, not a city, Turner argues, echoing the District Court's reasoning, that "[t]here is no distinction drawn between the various forms of localized government whether it be a county, city or school district," and that there "is no textual support for distinguishing between a county and a city."

¶11    The parties agree that the limitation period for filing an action under the WDEA is "1 year after the date of discharge." Section 39-2-911, MCA. The parties also agree that the City of Dillon is a municipal corporation falling within the definition of "political

The provisions of this subsection do not apply to claims that may be asserted under Title 25, chapter 20, by third-party complaint, cross-claim, or counterclaim.

(3) All claims against a political subdivision arising under the provisions of parts 1 through 3 shall be presented to and filed with the clerk or secretary of the political subdivision."

[2] Section 27-2-209(3), MCA, provides: "Actions for claims against a county that have been rejected by the county commissioners must be commenced within 6 months after the first rejection."

subdivision." Section 2-9-101(5), MCA. Finally, the parties concur that, for a claim against a political subdivision, the claimant must present and file a claim with the clerk or secretary of the political subdivision. Section 2-9-301(3), MCA.

¶12 The parties dispute whether filing of the claim with the political subdivision under § 2-9-301(3), MCA, is a prerequisite to filing suit in the district court, but this Court has previously resolved this issue. Turner's argument that such filings are a "condition precedent" to filing suit is incorrect. As the City argues, in *Estate of Woody*, we surveyed our case precedent at length and explained that, in *Stratemeyer*, "we rejected 'our broad statement in *Rouse* [*v. Andaconda-Deer Lodge Cty.*, 250 Mont. 1, 817 P.2d 690 (1991)] which would require a claimant to "first file" his claim with the political subdivision before proceeding in district court.'" *Estate of Woody*, ¶ 16 (citing *Stratemeyer*, 276 Mont. at 73, 915 P.2d at 178-79). We declared that "Section 2-9-301, MCA, contains no tolling provision for claims against political subdivisions, but still requires that plaintiffs present and file such claims" with the political subdivision. *Estate of Woody*, ¶ 10. Clearly, if there is no requirement to pre-file claims with a political subdivision before initiating suit, there is no corresponding need to toll the applicable period of limitation for consideration of the claim by the political subdivision.

¶13 The source of the 120-day tolling period relied upon by the District Court and argued by Turner is § 2-9-301(2), MCA, which provides, in pertinent part, that claims against the State of Montana "may not be filed in district court unless the claimant has first presented the claim to the department of administration and the department has finally denied the

6

claim. . . . Upon the department's receipt of the claim, the statute of limitations on the claim is tolled for 120 days." However, as we explained in *Estate of Woody*, ¶ 10, § 2-9-301, MCA, establishes this administrative procedure for pre-suit review of claims and a corresponding 120-day tolling period only for claims made against the State, not for claims against political subdivisions. *See* § 2-9-301(3), MCA. Therefore, nothing prevented Turner from filing his suit against the City at any time during the limitation period, whether or not the City was considering the notice of claim.

¶14 Title 27, generally governing statutes of limitation, includes a provision regarding claims against a county that can have the effect, as we explained in *Estate of Woody*, of either shortening or lengthening the applicable period of limitation for the claim, depending upon the timing of the filing of the notice of claim with the county, and the county's response thereto. *Estate of Woody*, ¶ 18. As noted above, § 27-2-209(3), MCA, provides that "[a]ctions for claims against a county that have been rejected by the county commissioners must be commenced within 6 months after the first rejection." We held in *Estate of Woody*, ¶ 18, that *Rouse* had established that, under § 27-2-209(3), MCA, "when a plaintiff timely files a claim against a county, the period of limitations is tolled and the six month limitation period for filing in district court does not begin to run until the claimant receives notice of the county's denial of the claim." Because Big Horn County never denied or responded to the Estate's claim, we concluded that "the original limitation period was tolled and the six-month limitation period never began," rendering the Estate's claim still timely. *Estate of Woody*, ¶ 19. Title 27 provides this unique statute of limitation

7

for counties only, and not for other political subdivisions. Further, we have declined to revisit *Rouse's* application of this limitation statute. *Estate of Woody*, ¶ 20. In the case before us here, involving a claim against a municipality, this unique limitation statute is not at issue.

¶15 Turner heavily relies upon our holding in *Estate of Woody* and asks that we reach the same outcome by extending the holding there to claims against municipalities. However, the political subdivision defendant in *Estate of Woody*, as in *Stratemeyer* and *Rouse*, was a county, for which claims are governed by the unique limitation statute in § 27-2-209(3), MCA. As noted, no tolling provision exists with respect to municipal corporations and nothing prevented Turner from filing his claim with the District Court at the time he presented his claim to the City Clerk, or earlier. While we are sympathetic to Turner's public policy argument that a tolling period should be implied "to save unnecessary litigation expenses by affording an opportunity to amicably adjust and settle all claims before suit is brought," Turner and the District Court were simply incorrect that "there is no distinction drawn between the various forms of localized government" under the law. Our cases have noted the distinction, and we cannot "inexplicably read" a requirement where the statute language does not provide one. *Estate of Woody*, ¶ 16; *Stratemeyer*, 276 Mont. at 73, 915 P.2d at 178. "We construe statutes as they are written," *Montanans v. State*, 2006 MT 277, ¶ 53, 334 Mont. 237, 146 P.3d 759, and must neither "insert what has been omitted nor omit what has been inserted." Section 1-2-101, MCA; *see also Glendive Med. Ctr., Inc. v. Mont. Dep't of Pub. Health and Human Svcs.*, 2002

8

MT 131, ¶ 15, 310 Mont. 156, 49 P.3d 560 ("The function of the court with respect to statutory construction is to interpret the intention of the statute or rule, if at all possible, from the plain meaning of the words, and if the meaning of the statute or rule can be determined from the language used, the court is not at liberty to add or to detract from the language therein. Additionally, absent ambiguity in the language of the statute or rule, this Court may not consider legislative history or any other means of statutory construction.").

¶16 As a practical matter, it is unfortunate that the statutes provide inconsistent procedures and timelines against government entities, particularly among political subdivisions. Such inconsistencies can be confusing and create a "procedural trap for the unwary." *Martz v. Beneficial Montana, Inc.*, 2006 MT 94, ¶ 24, 332 Mont. 93, 135 P.3d 790. Almost 30 years ago, in *Rouse*, Justice Fred J. Weber noted the practical problem at issue here, and flagged the issue for the Legislature, which we can only repeat:

> Unfortunately the legislature did not make any provision with regard to the time limitations on claims made to a political subdivision. Under [§ 2-9-301(3), MCA], such claims are required to be presented to the clerk or secretary of the political subdivision. There is no reference to the manner of responding on the part of the political subdivision or its clerk, nor is there any reference to an extension for statute of limitation purposes. I would hope that this absence will be noted by the legislature and cared for in future legislation.

*Rouse*, 250 Mont. at 10, 817 P.2d at 695 (Weber, J., concurring).

¶17 Because there is no further dispute over the applicable statute of limitation, we must conclude that Turner failed to timely file his complaint in the District Court within the one year limitation period, as required by the WDEA. Section 39-2-911, MCA. We conclude

the District Court erred by not dismissing Turner's complaint on the basis that it was time barred.

¶18     Reversed and remanded for entry of judgment in favor of the Defendants.


                                        /S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR